BENEDICT *v.* MICHIGAN BEEF & PROVISION CO.[1]

1. TRIAL—COMPROMISE VERDICT.

Plaintiff, who had been in defendant's employ as engineer, claimed that, by special agreement, his day's work was to consist of 10 hours, and that he was to be paid for overtime. Defendant denied having made such agreement. The only evidence on the amount of overtime was the testimony of plaintiff; and his attorney, at the conclusion of the charge, suggested that the jury ought to know that plaintiff's claim was $588.83, which sum he should recover, if allowed to recover at all. The court assented to this statement. The jury returned a verdict for $398.77. *Held,* that the verdict was not necessarily a compromise, since it may have been the

| | |
|---|---|
| 115 | 527 |
| f 120 | 522 |
| 115 | 527 |
| 127 | 377 |
| 115 | 527 |
| s73NW | 802 |
| f129 | 179 |
| 115 | 527 |
| 135 | ¹295 |
| 135 | ³456 |
| 115 | 527 |
| 148 | ³458 |
| 115 | 527 |
| 151 | 492 |

---

[1] Rehearing denied March 22, 1898.

result of a mistake in computation, or the jury may have considered portions of plaintiff's testimony inherently improbable. GRANT, C. J., dissenting.

2. SAME—ACTION ON CONTRACT—EVIDENCE OF CUSTOM.

Where plaintiff relied upon an express contract by which he was to be paid for working overtime as engineer, which contract was denied by the defendant, evidence offered by the latter to show what the custom was in similar establishments employing engineers was properly excluded.

3. APPEAL—WANT OF SPECIFIC OBJECTIONS.

Errors assigned upon the admission and rejection of testimony will not be considered where no ground of objection was stated in the court below.

Error to Wayne; Frazer, J. Submitted October 15, 1897. Decided January 18, 1898.

*Assumpsit* by Silas E. Benedict against the Michigan Beef & Provision Company for work and labor performed. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff was in defendant's employ as an engineer from about May 1, 1890, to March 7, 1891, at a salary of $850 per year. He claimed a special agreement that his day's work was to consist of 10 hours, and that he was to be paid for overtime. There were a few other small items, for a portion of which defendant admitted its liability, and conceded an indebtedness of $62.07. The principal item and main dispute is over the contract for overtime. Defendant denied this contract, and claimed that no number of hours was agreed upon for a day's work, but that the plaintiff agreed to work such time as was necessary. The only evidence of the amount of overtime came from the plaintiff. He testified that he kept an account each day of such overtime, and produced the account which he said that he kept. At the conclusion of the evidence, and after the charge of the court, the attorney for plaintiff said: "Inasmuch as your honor has told the defendant's claim, probably the jury ought to know that the plaintiff's

claim is $588.83; there is no dispute about that, if he is entitled to recover at all,"—to which the court replied, "I suppose the jury know about that." The jury returned a verdict for $398.77. Counsel for the defendant made a motion for a new trial, upon the ground that the verdict was a compromise verdict, and therefore illegal, which the court overruled.

*Flowers, May & Moloney*, for appellant.

*James H. Pound*, for appellee.

GRANT, C. J. (*after stating the facts*). 1. There is no evidence to sustain this verdict. It was a compromise verdict, which has been condemned by this and other courts. *Goodsell* v. *Seeley*, 46 Mich. 623 (41 Am. Rep. 183). If the jury concluded that the plaintiff did not work the overtime testified to by him, there was not a scintilla of evidence by which they could determine how much overtime he did work. The jury were therefore bound under their oaths, the evidence, and the statement of plaintiff's counsel, assented to by the court, to give plaintiff the entire amount of this claim or to reject it entirely. It is, however, urged that, since the jury have found that the contract was as claimed by plaintiff, and have fixed the amount at less than that to which he testified, the defendant is not prejudiced. Every litigant is entitled to have the verdict against him based upon evidence. If A. sue B. upon a promissory note of $100, and testifies that nothing has been paid, and B. testifies that he paid it, is a jury authorized to split the difference, and find that B. owes $50? Or, if A. sue B. for services for 100 days, and testifies that that was the contract, and that he worked the entire time, and B. testifies that the contract was for 10 days, and that that was all A. worked, can a jury find that A. worked 50 days, and render a judgment accordingly? It is well known to the profession that oftentimes, when a jury cannot agree as to what a contract is, they will compromise on an amount. Such is the

fair inference in this case. It is undoubtedly true that the jury would be justified in finding that it would be almost a physical impossibility for the plaintiff in this case to have worked the time which he testified; but are the jury justified in finding how much less time he worked, without any testimony as to how many days or hours less? A litigant is always prejudiced when he can point to the record and say there is no tangible evidence to support the verdict. It was necessary for the jury to determine two things: *First*, what was the contract; and, *second*, having determined that in favor of plaintiff, how much overtime he worked. Each must be based upon testimony, and not upon conjecture. Such verdicts ought not, in my judgment, to be permitted to stand.

2. Many errors are assigned on the admission and rejection of testimony. In several instances no ground for the objection was stated, counsel contenting themselves with simply saying, "Objected to." Such objections will not be considered by the appellate court.

In view of the new trial, we may note one objection. Defendant offered testimony tending to show what the custom was in other similar establishments in employing engineers. This testimony was properly excluded. Plaintiff relied upon an express contract for 10 hours a day and payment for overtime. The judge correctly instructed the jury that this was the sole issue, and that, if there was no such contract, plaintiff could not recover.

Judgment should be reversed, and new trial ordered.

Montgomery, J. The principal question presented in this case is whether the verdict rendered should be set aside on the ground that it is a compromise verdict. There is no doubt that, where the record is such as to make it clear that the jury have reached the result by "splitting differences," neither party has had the benefit of their judgment, and such verdict ought not to be permitted to stand. See *Goodsell* v. *Seeley*, 46 Mich. 623 (41 Am. Rep. 183). But this is quite a different proposition than

the one suggested by the facts of this case, which is that, because the jury gave a verdict for a less sum than the plaintiff's testimony showed him entitled to, the defendant has the right to complain, and to insist that the verdict was reached as a compromise.   The inference is not a necessary one from the premises.   The verdict for the less amount may have been the result of a mistake in computation, or it may have been that the jury, on their own judgment, considered portions of plaintiff's testimony inherently improbable.   It certainly does not appear in this case, as it did in *Goodsell* v. *Seeley, supra,* that the verdict was the result of a compromise.

Upon the other points suggested, I concur in the opinion of the Chief Justice, that no prejudicial error was committed.

The judgment is affirmed.

HOOKER, MOORE, and LONG, JJ., concurred with MONTGOMERY, J.