WHALEN *v.* GRANT.

TRIAL—COMPROMISE VERDICT—REVIEW.

> Where, in an action for work and labor, the evidence is conflicting, both as to the price to be paid and the amount of labor performed, and defendant claims to have overpaid plaintiff, a verdict for less than the full amount of plaintiff's claim will not be set aside as a compromise verdict, as part of the testimony of both parties may have been credited, and part rejected, by the jury.

Error to Wayne; Donovan, J. Submitted December 13, 1901. Decided December 21, 1901.

*Assumpsit* by Martin K. Whalen against Archibald Grant for work and labor performed. There was a judgment for plaintiff, and, defendant's motion for a new trial having been denied, he brings error. Affirmed.

*J. J. Speed* (*C. D. Joslyn*, of counsel), for appellant.

*Jay Fuller* (*Matthew H. Finn* and *William H. Hockaday*, of counsel ), for appellee.

MOORE, J. The plaintiff recovered a judgment in the court below for $463.79. The defendant has brought the case here by writ of error. In 1895 the defendant had a contract with the street-railway company to remove a

quantity of cobblestones, and to do considerable excavating of the street, made necessary by the reconstruction of the street-railway track. Mr. Grant employed Mr. Whalen to do this work. Payments were made from time to time, amounting in the aggregate to $2,628.04. After the work was all done, the plaintiff claimed there was due him $731.17. Defendant claimed there was but $31.67 due, for which amount he sent his check to plaintiff, who returned it because it stated it was "in full" for the work. On the trial defendant claimed he had overpaid plaintiff $110, in addition to the check of $31.67. It is the claim of defendant the verdict shows the jury, instead of being governed by the evidence, rendered a compromise verdict; that, if Whalen was right in his contention, he should have received the full amount of his claim, and, because it was a compromise verdict, it should be set aside.

The testimony was as conflicting as it could well be. The parties are not agreed as to the price to be paid for the work. They are not agreed as to the measurements. We do not think it can be said this is shown to be a compromise verdict. The jury may have believed part of the testimony offered on the part of the plaintiff, and rejected other portions of it. They may have done this, also, as to the testimony offered on the part of the defendant. The case is ruled by *Benedict* v. *Provision Co.*, 115 Mich. 527 (73 N. W. 802).

Judgment is affirmed.

The other Justices concurred.