## LEE v. HURON INDEMNITY UNION.

1. EVIDENCE—LETTERS—RECEIPT—QUESTION FOR JURY.
   Where the writer of a letter testifies that it was duly mailed, but its receipt is denied by the addressee, whether it was received is a question for the jury.

2. PRINCIPAL AND AGENT—CONTRACTS—SALARY.
   Plaintiff and defendant insurance company made an oral contract March 1, 1902, by which plaintiff was to act as defendant's agent in securing and starting subagents and obtaining applications for membership, and was to receive a monthly salary. Defendant wrote plaintiff August 12, 1902, to the effect that thereafter his compensation would depend on his commission. Plaintiff testified that he at once replied, declining to continue work on those terms. Defendant denied the receipt of the letter, but subsequently directed plaintiff to continue his work, which he did until October 8, 1902. *Held*, that the jury were justified in finding that defendant consented to the payment of the salary for the whole period.

3. SAME—ESTOPPEL.
   Plaintiff, who acted as agent for defendant insurance company under a contract whereby he was chargeable with a $2 fee for each application obtained by him, was not estopped, as a matter of law, to deny his liability as to every application bearing his signature, where his testimony tended to show that he was authorized to sign applications secured by his subagents, who were entitled to the application fee, and that defendant continued him in its employ knowing of his contention in that regard.

4. TRIAL—INSTRUCTIONS TO JURY—CLAIMS OF PARTIES.
   In an action by an agent to recover a balance due on salary, the court, in charging the jury, said, "Now I give you another set of figures, based on another claim on the part of defendant." The figures showed a less amount than the claim of plaintiff, and conformed to the testimony of a witness for defendant. *Held*, that the statement of the court was not cause for reversal.

5. SAME.
   During the course of .the charge, one of the jurors asked if there was any evidence to show that plaintiff had received,

as application fees, more than he had accounted for. The court replied that that was a question for the jury to settle; that plaintiff said he had received no more than the amount remitted. *Held*, that as there was no testimony on the subject except as the court stated,—or, at least, defendant did not call the court's attention to any such,—the remark was not cause for reversal.

6. SAME—COMPROMISE VERDICT.

    Plaintiff in such action claimed a balance of $185. Defendant claimed that it was entitled to a verdict against plaintiff for $229. The jury returned a verdict for plaintiff for $150. The evidence was conflicting, and that offered on behalf of each party might have been believed in part and rejected in part. *Held*, that there was no error in refusing to set aside the verdict on the ground that it did not conform in amount to the claim of either party.

Error to Lapeer; Smith, J. Submitted November 19, 1903. (Docket No. 142.) Decided December 22, 1903.

*Assumpsit* by John Lee against the Huron Indemnity Union for a balance due on salary. From a judgment for plaintiff, defendant brings error. Affirmed.

*Cady & Crandall*, for appellant.

*Herbert W. Smith*, for appellee.

CARPENTER, J. Plaintiff brings this suit for a balance of salary which he claims defendant owes him. March 1, 1902, plaintiff and defendant made an oral contract, by which plaintiff was to act as defendant's agent in securing and starting subagents, settling claims, and obtaining applications for membership, and was to receive a salary of $50 per month and expenses. For each application obtained by him, he was to remit to defendant a fee of $2. He worked for defendant until October 8, 1902, during which time he sent defendant 199 applications for membership, and forwarded as fees therefor the sum of $61. It was the claim of plaintiff that during all this time he was entitled to his salary under the above agreement, and

that the $61 forwarded was the entire amount for which he was chargeable under said agreement. It was the claim of defendant that plaintiff had no right to the salary after August 12th, and that he was chargeable with $2 for each of the 199 applications. Under plaintiff's claim, the balance his due was $185. Under defendant's claim, it was entitled to a verdict for $229. The issue was submitted to the jury, who rendered a verdict for the plaintiff for $150. We are asked to reverse the judgment of the court below upon several grounds.

1. It is contended that the evidence conclusively proved that plaintiff's right to the salary of $50 per month ended August 12, 1902. It is true that on that day defendant did write plaintiff, in effect, that thereafter his compensation would depend upon his commission; but it is also true that plaintiff testified that he at once replied, declining to continue work· on these terms. As this letter was duly mailed, according to plaintiff's testimony, it may be inferred, notwithstanding defendant's denial, that it was received; and, as defendant subsequently directed plaintiff to continue his work, we think the jury were justified in reaching the conclusion that defendant consented to continue the payment of the salary.

2. It is contended that the testimony conclusively establishes plaintiff's liability of $2 for each of the 199 applications. Plaintiff signed each of these applications as agent. It is his claim that most of them were secured by subagents, who, according to his testimony, were entitled to the application fee. It is the claim of defendant, as we understand it, that plaintiff had no right to sign his name to any application which he did not himself procure; that the fact of his signing would, as he knew, and did, lead defendant to believe that he was chargeable for the application fee; that, misled by this belief, defendant continued plaintiff in its employ; and therefore that he is estopped from denying his liability. According to plaintiff's testimony, the agreement that he should not sign applications secured by his subagents was made long after his employ-

ment commenced. If this testimony was believed by the jury, there was no basis upon which the estoppel could rest, as defendant would have no right to assume, merely because plaintiff signed as agent, that he was chargeable with the $2 application fee. Neither does the testimony conclusively prove that defendant continued to retain plaintiff as an employé in reliance upon the belief that he was chargeable with these application fees. Plaintiff testifies that on the 30th of May defendant agreed on a settlement which did not charge him with the application fees, and, if defendant received plaintiff's answer to its letter of August 12th, heretofore referred to, which was a question for the jury, it was sufficiently informed that the liability for said fees was denied.

3. The court charged the jury that they might render a verdict upon the theory that plaintiff's right to his salary continued till October 8th, and upon the assumption that he was chargeable with $1 for each of the 199 applications that he assisted a subagent in taking, and that in that case the balance due plaintiff would be $47.56. In stating this theory, the trial court said, "Now I give you another set of figures, based on another claim on the part of the defendant." It is contended that this was error, as defendant did not make this claim. As defendant's witness had testified that plaintiff was chargeable with $1 on the applications which he had assisted subagents in taking, this theory was warranted by the testimony, and we cannot say that the court was not warranted in assuming it to be one of the claims of defendant. In any event, it was more favorable to defendant than the claim of plaintiff, and therefore the statement was not prejudicial to its interests.

4. During the charge of the court, one of the jurors asked whether there was any evidence to show that plaintiff had received, as application fees, more than he had accounted for. To this the court replied: "That is a question for you to settle. * * * He himself says he took none of them, and received no money except the $61."

Defendant was not harmed by this answer.    There was no testimony upon this subject except that above referred to, furnished by plaintiff; and, if there had been, defendant should have called the court's attention to it.

5. Nor can we say that the trial court erred in refusing to set aside the verdict on the ground that it was against the weight of testimony, nor because it did not conform in amount to the claim of either plaintiff or defendant.    See *Whalen* v. *Grant*, 129 Mich. 178 (88 N. W. 401); *Benedict* v. *Provision Co.*, 115 Mich. 527 (73 N. W. 802).

The judgment is therefore affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.