KELLEY, MAUS & COMPANY, Appellants, v. HART-PARR COMPANY.

**Sales:** TIME OF DELIVERY: IMPLIED AGREEMENT: EVIDENCE. Where parties impliedly agree to furnish and ship certain material by a specified date, or within a reasonable time thereafter, a liability for damage attaches for nonperformance.  Evidence consisting of correspondence of the parties is held to amount to an implied agreement to deliver structural steel within a reasonable time.

**Same.** Where no definite time is fixed for performance of a contract the law implies performance within a reasonable time; and what is a reasonable time depends upon the nature of the act to be done, and of the contract and all the circumstances relating thereto.

**Same:** BREACH OF AGREEMENT: MEASURE OF DAMAGES. Where a party fails to furnish building material within a reasonable time as agreed, the other party may purchase the same elsewhere at the best price obtainable, and the difference in cost is his measure of damages.

*Appeal from Floyd District Court.—* HON. C. H. KELLEY, Judge.

TUESDAY, MARCH 17, 1908.

ACTION· for balance due on account. There was a counterclaim for damages resulting from breach of contract, on which (the trial being to the court without a jury) an allowance was made to defendant, and a judgment was rendered in· favor of plaintiffs for the difference between the amount due on the account and the amount due to defendant on its counterclaim. Plaintiffs appeal.—*Affirmed.*

*J. H. Lloyd,* for appellants.

*Ellis & Ellis* and *P. W. Burr,* for appellee.

McCLAIN, J.— The account on which plaintiffs sue was for structural steel sold under a contract made by correspondence and defendant's counterclaim was for damages on account of breach of the contract in failing to furnish a portion of the steel contracted for within a· reasonable time, in consequence of which failure the defendant elected to cancel the contract in this respect, and procure the steel elsewhere at a higher price, and in such form that some loss resulted in its use. The real controversy between the 'parties 'is as to whether, under the terms of the contract which was made by correspondence, the plaintiffs had relieved themselves of liability for any damages resulting from delay in furnishing the steel. After procuring prices from plaintiffs, the defendant company gave an order for structural steel of certain descriptions and quantities, including " 300 universal plates," of specified dimensions, saying that, as plaintiffs had not stated the time within which delivery could be made, " This must be very definitely

1. SALES: time of delivery: implied agreement: evidence.

settled. While we are not in a serious rush for this material, we must have it by a certain time without fail. Accordingly if you accept this order you must do so on the understanding that on any of this material not shipped before June 1st, you will allow us two per cent. per week on its cost for each week shipment is delayed beyond that date." Plaintiffs responded in a letter, in which they said: "We can not be held liable for any expense providing the material should not be shipped in the time you specify, and for this reason we would not be held responsible to allow you two per cent. per week on its cost for each week shipment is delayed beyond that date. If our proposition as above is satisfactory to you, kindly let us know by return mail." Defendant replied: "We recognize the difficulty of obtaining the delivery at certain times, but we have been put to serious loss by not receiving deliveries until long after they were absolutely promised, and the continuance of our orders with a concern will depend in a large measure on their ability to fulfill their promises." As a result of this correspondence, plaintiffs placed defendant's order with a steel mill of plaintiffs' own selection, and delivered a portion of the steel called for by the order. On July 1st defendant complained that a portion of the material had not been received, and plaintiffs gave further assurance of efforts to secure the shipment of such material from the mill, and a few days later attempted to excuse thmselves for the delay on account of the conditions at the mill. On July 18th the defendant canceled its order for a portion of the material not received, but there was further correspondence as to the filling of the order for "300 universal plates" and plaintiffs protested that they were not responsible for the delay. And, finally, on August 3d, after plaintiffs had several times protested their inability to fix any definite time for the shipment of these plates, the defendant canceled its order so far as it remained unfilled.

Construing the two letters above referred to in which the

order was given and accepted, we think the trial court properly held that, while the plaintiffs refused to agree to be bound by the proposition of defendant for a specified penalty, they did impliedly agree to ship the material by June 1st, or at least within a reasonable time thereafter, and thereby became bound to answer in damages for nonperformance of the contract in that respect. The plaintiffs did not negative general liability for unreasonable delay, but simply refused to accept the plaintiff's order with the stipulation as to the specified penalty.

Where no. time is fixed for performance, the contract implies performance within a reasonable time. *Tufts v. McClure*, 40 Iowa, 317. ".Where there is no time fixed for the doing of an act which a contracting party agrees to do, he must do such act within a reasonable time; and what will, in the particular case, be a reasonable time depends upon the nature of the act to be done, the nature of the contract, and all the circumstances relating to the same." *Boyinton v. Sweeney*, 77 Wis. 55.

**2. Same.**

Under the construction which the trial court put upon the contract and which we think was a proper construction, there is no occcasion to discuss the question whether parties may enter into a binding contract for the nonperformance of which no damages whatever can be recovered. There is no ground for controversy as to the measure of defendant's damages. Having waited for sixty days after the plates were to have been furnished, and beyond the time which the court properly found as a question of fact was a reasonable time for performance, the defendant was justified in procuring the requisite material at the best price at which it could be secured for immediate delivery, and was not required to place another mill order involving further delay in view of the necessity of its business, with reference to which

**3. Same: breach of agreement: measure of damages.**

plaintiffs had been fully advised when the contract was made.

The judgment of the trial court is *affirmed*.