## ROULEAU v. CONTINENTAL LIFE INS. & INV. CO.

No. 2602.    Decided December 1, 1914 (144 Pac. 1096).

1. INSURANCE — CANCELLATION — REINSTATEMENT — QUESTIONS FOR JURY. In an action to recover on a life insurance policy, evidence as to plaintiff's receipt of a notice of cancellation of the policy *held* sufficient to take the question to the jury.[1] (Page 240.)

2. INSURANCE—CONDITIONAL EXTENSION OF TIME TO PAY PREMIUM —COMPLIANCE—NEW CONDITIONS. Where the assignee of the insured requests an extension of time to pay a premium upon a life insurance policy and the company grants the request, provided the interest on a policy loan be paid at once and a note given for the premium, and the conditions are complied with, the company cannot afterwards impose additional conditions such as a certificate of good health and making an application for reinstatement. (Page 243.)

3. INSURANCE—PAYMENT OF POLICY LOANED—"AT ONCE." Where an extension of time to pay a premium on a life insurance policy was granted, providing the interest on a policy loan be paid "at once," evidence, in an action to recover on the policy,

[1] *Campbell* v. *Gowans*, 35 Utah 268; 100 Pac. 397; 23 L. R. A. (N. S.) 414; 19 Ann. Cas. 660.

*held* sufficient to take the question to the jury whether the payment was made at once; "'at once' meaning 'within a reasonable time.'" (Page 243.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by Orphir Rouleau against the Continental Life Insurance and Investment Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*H. C. Edwards* and *D. H. Thomas* for appellant.

*Booth, Lee, Badger, Rich & Parke* for respondent.

### APPELLANT'S POINTS.

Where a life insurance company offers to extend the time for the payment of a premium on a life insurance policy or to reinstate the same after forfeiture upon conditions named by it, a waiver will not be construed as created unless the conditions of the offer are complied with. (*Fidelity Mutual Ins. Co.* v. *Price,* 77 S. W. (Ky.) 384; *Nielsen* v. *Provident Sav. Life Assurance Society of N. Y.,* 66 Pac. (Cal.) 662; *Ronald* v. *Mutual Reserve Fund Ins. Assn.,* 30 N. E. (N. Y.) 739; *New York Life Ins. Co.* v. *Scott,* 57 S. W. (Texas) 677; *Crook* v. *New York Life Ins. Co.,* 75 Atl. (Md.) 388; *Union Central Life Ins. Co.* v. *Berlin,* 41 C. C. A. 592.) In the absence of an estoppel knowledge of the facts and an intention to waive must exist, provable, of course, by the circumstances. (*Ronald* v. *Mutual Reserve Fund Life Assn., supra.*)

### RESPONDENT'S POINTS.

Forfeiture for non-payment is inserted in the policy for the benefit of the insurer and may be waived by it, and courts will find a waiver upon slight evidence. (*Lyon* v. *Travelers' Insurance Company,* 20 N. W. (Mich.) 829.) The question of waiver is one of fact for the jury. (*Taylor* v. *Insurance Co.,* 57 L. R. A. 328; *Currie* v. *Continental Casualty Com-*

*pany*, 126 N. W. 164; *Mullan* v. *United States*, 42 Ct. Cl. 157; *Security Life & A. Co.* v. *Underwood*, 150 S. W. 294.) A waiver is always a question of fact determinable by all the circumstances surrounding the transaction. (*Krause* v. *Equitable Life Insurance Company*, 67 N. W. 333; *Hooe and Herbert* v. *United States*, 41 Ct. Cl. 378; *Cobbs* v. *Fire Association of Philadelphia*, 36 N. W. 788.) The question as to whether said alleged letter of October 16th was actually sent is clearly one of fact for the jury. Denial of the receipt of a letter proved to have been addressed, stamped and mailed does not overcome the presumption of receipt, but requires submission to the jury. (*City of Omaha* v. *Yancey*, 135 N. W. 104; *Greenwood Grocery Co.* v. *Canadian County Mill Elevator Co.*, 57 S. E. (S. C.) 867.) Where the writer of a letter testified that it was duly mailed, but its receipt is denied by the addressee, whether it is received is a question for the jury. (*Lee* v. *Huron Indemnity Union*, 97 N. W. (Mich.) 709.) The court can treat a fact as undisputed only when it is not only unopposed by direct evidence, but is not in conflict with proper inference from other facts in evidence. (*Schultz* v. *Schultz*, 113 Mich. 502.) Whether a waiver of a forfeiture of a contract for default of a party thereto has taken place depends on the facts of the case, and ordinarily presents a question of fact, and the law ordinarily permits a liberal construction to be placed on the acts of the party waiving with a view to bringing about a waiver. (*Loftus* v. *Insurance Company*, 38 Utah 532.) The retention of the premium note and money order and the cashing of the money order and failure to return the same until after notice of the death of the insured was evidence that the appellant either waived the forfeiture or accepted the remittance as in compliance with its offer. (*Schrieber* v. *German American Hail Insurance Company*, 43 Minn. 367; *Prentice* v. *Knickerbocker Life Insurance Company*, 77 New York 483.)

STRAUP, J.

This action was brought to recover on a life insurance policy. The defendant, on the 2d of October, 1905, insured the life of one Oliver Jasmin for $5,000. The policy provided

for cash loans to be made by the company, an allowance of thirty days' grace for payment of premiums, and for reinstatement, the latter being:

"Reinstatement. Should this policy become void by reason of the non-payment of any premium, or of any indebtedness or interest thereon, it may, unless previously surrendered to the company, be reinstated at any time within three years after such default, upon the insured furnishing evidence of insurability satisfactory to the company, and paying all indebtedness and arrears of premiums, with interest thereon at a rate not exceeding 6 per cent. per annum."

The policy was assignable. It, with the knowledge and consent of the company, was assigned by the insured to the plaintiff, who had paid or advanced about all the premiums paid on the policy, and who otherwise had rendered the insured financial assistance. Both the plaintiff and the insured resided in Butte, Mont.; the company at Salt Lake City, where was its principal place of business. On September 16, 1911, there was due on the policy an annual premium of $190.40. Prior thereto the plaintiff, or the insured, or both, had borrowed from the company $480, the full amount of the then loan value of the policy. The premium due September 16, 1911, was not paid on that date. Under the terms of the policy, the last day of grace to make such payment was October 16, 1911. On the 30th of September, 1911, the manager of the company at Salt Lake City wrote the plaintiff at Butte reminding him that the premium had not been paid, and stated:

"I write you personally, because it is not the wish of the company that any of its policy holders should part with their vested interests without an opportunity to hold them. Whether or not you now see your way clear to pay, or for any other reason, it will be to your interest to write me freely by return mail. The policy is in force, by reason of the grace allowed, for one month from due date of premium. Delay in remittance beyond that time involves the risk of accident or ill health, preventing the reinstatement of this insurance for your family or estate."

The plaintiff, who testified that he was unable to read or write, except to write his name, procured a friend to write for him on the 3d day of October, 1911, acknowledging receipt of the company's letter and stating:

"If I have not answered your previous letters, the reason was that I was out of town working on some mining claims which I expect to sell in the near future. Would more than like to keep policy in force, but under present circumstances I am unable to meet premium, unless you favor me with the acceptance of my note. Hope to be favored with an answer at your earliest convenience."

To that the company replied, acknowledging receipt of it on the 5th of October, as follows:

"We will grant you an extension until December 16th on your premium, $190.40, provided you remit us at once the interest due on your policy loan, amounting to $28.80. We inclose renewal note as above, and upon receipt of same, together with interest, we will give the matter our prompt attention."

Inclosed was a note sent by the company to be signed by the plaintiff. It was dated September 16, 1911, due three months after date, payable to the defendant at its home office at Salt Lake City, and recited:

"This note is given in full payment of the premium due September 16, 1911, on the above policy," etc.

That letter and blank note in due course were received by plaintiff's wife at his residence in Butte, but he, as he testified, was then absent at his mine, twenty-four miles away, where there was no post and no means of communication with his wife. He returned to his residence on the 30th of October, and then, as he testified, for the first time saw the company's letter of October 5th and the note to be signed by him. He, on the 31st, the next day, had his wife write the company explaining the delay, procured a United States money order for $28.80, signed the note, and on that day mailed them to the company. It, on November 2, 1911, received them, cashed the order, retained the note, and, in acknowledging receipt of them on that date, wrote the plaintiff:

"Acknowledging receipt of your favor of the 31st ult. inclosing note for $190.40 due December 16, 1911, covering premium on your policy No. 2508; also money order for $28.80 to pay interest on policy loan. As the policy had lapsed on our books by its surrender value, it will be necessary to have Mr. Oliver Jasmin sign the inclosed application for reinstatement before the matter can be properly adjusted. Kindly have the same signed and returned to us at your early convenience."

Inclosed was a printed blank for reinstatement to be filled out and signed by the insured, stating that he had not been ill since his examination for the policy—

"except ————; and have not been attended by any physician, except ————; that I am now in good health;  *  *  * that the declarations and warranties herein shall be deemed the consideration for such reinstatement if it shall be granted, and that such reinstatement, if granted, shall not take effect until all premiums in arrears shall be paid by me while in good health, and shall not constitute a precedent or in any way change or modify any of the provisions of said policy contract."

On the 1st day of November the insured was suddenly stricken with apoplexy or paralysis, and died on the 4th. He, however, as the evidence without conflict shows, was in good health and at work on the 31st of October, the day the plaintiff procured the money order and mailed it and the note to the company. The inability of the plaintiff, on his receipt of the blank application on the 4th, to procure the insured's signature thereto and his certificate of good health, of course, is apparent. So, on the 9th of November, five days after the insured's death, the plaintiff wrote the company:

"Referring to your letters of October 5 and November 2, 1911, concerning insurance policy on the life of Oliver Jasmin, I have to say that at the time of the receipt of the letter first mentioned I was absent from Butte, and immediately on my return on the 31st of that month I forwarded to you money order for $28.80 interest on policy loan and my promissory note for $190.40, as requested, receipt of which was acknowledged by your communication of Novem-

ber 2d, aforementioned. When I forwarded you the money order and note referred to, Mr. Jasmin was quite well and at work on that day; but he was taken suddenly ill on November 1st, and died at Butte on the 4th inst. Had I so desired, I could have had Mr. Jasmin sign the proposed application for reinstatement, but under the circumstances of his sudden illness I thought it best not to do so. Kindly forward proofs of loss and I will have the same properly filled out and returned.''

To that the company replied on November 11, 1911.

''We acknowledge receipt of your letter of the 9th inst., in which you convey the information that your Mr. Jasmin, at one time insured under our policy No. 2508, died at Butte on the 4th inst. and you request that we forward proofs of loss. Responsive we have to say that on November 2, 1911, we wrote you as follows: [Setting forth a copy.] From the foregoing you were informed, before the death of Mr. Jasmin, that his policy had lapsed, and inasmuch as said policy was not in force at the time of Mr. Jasmin's death, we deem it unnecessary to forward you any proofs. We inclose you herewith your note bearing date September 16th, and our check for amount inclosed in your letter of October 31st, inasmuch as it will now be impossible for you to comply with the conditions stated in our letter of November 2d for reinstatement of policy.''

Up to this point there is no conflict in the evidence. The company claims that, in addition to the correspondence referred to, it, on the 16th day of October, the last day of grace under the terms of the policy to pay the premium, wrote the plaintiff, and produced and put in evidence a carbon copy of the letter as follows:

''Not having heard from you in answer to our letter of the 5th, we have been compelled to cancel your policy No. 2508 on our books by its surrender value.''

There is proof that such a letter was dictated to a stenographer by the company's manager, and that it was signed by him, but the defendant made no sufficient proof that it was mailed; that it was deposited in the post office, or a United States letter box, or delivered to a United States mail

carrier, or other agency or instrumentality in charge of or under the control of the United States mail service. But that defect of proof is supplied by this: Plaintiff's wife, in writing for him on the 31st of October, the day he mailed the money order and the note, in that letter stated:

"Just in reach of your letter of the 16th, for having left my business in hands of others, for I was compelled to absent myself from the city, and on my return, see that this thing was not attended to. I now forward the amount required, trusting that you will accept it, although I know that it is late. If accepted, please send receipt."

It is thus seen that in that letter reference is made to a letter from the company "of the 16th." The plaintiff, in explanation of that, testified that his wife, and not he, wrote and signed the letter, and, in effect, that he had no knowledge that it contained such statement, and that the letter to which she, in fact, replied was the letter of October 5th, and that he had not received nor seen any such letter as that of the 16th.

On this evidence the case was submitted to the jury, who rendered a verdict in favor of the plaintiff for the face of the policy less the loan and unpaid premiums. The defendant appeals. Its chief contention is that it, on the 5th of October, granted an extension of time to pay the September premium until December 16th, on the express condition that the plaintiff "at once" remit $28.80 interest past due, and give his note payable on December 16th for the unpaid premium of $190.40; that, he having done neither, the policy on the 16th of October lapsed, when the defendant on that day notified the plaintiff that it was "compelled to cancel" it on the books; that when the plaintiff, on the 31st of October, sent the money order and the note, the policy was no longer in force; and that neither the money order nor the note was unconditionally accepted by the defendant, but that both were accepted on the express condition that the insured make out and present a satisfactory application for reinstatement as provided by the terms of the policy and the blank application furnished by it, but which was not done. These matters were raised by a motion to direct a verdict in

the defendant's favor, by requests to charge, and by exceptions to the charge.

At the outset let it be said that, if the evidence without conflict shows, as is contended for by the defendant, that its letter of October 16, 1911, notifying the plaintiff of the cancellation of the policy, was received by him, then the defendant is entitled to prevail. The court so, in effect, instructed the jury. The evidence as to that, however, is, as we think, in conflict. There, of course, is good and sufficient evidence to show, as has been seen, that the letter of October 16th was sent by the defendant, and that it was received by the plaintiff in due course. That is supported by plaintiff's letter written on the 31st acknowledging the receipt of a letter of the 16th from the company. But, on the other hand, there is evidence to support a contrary finding. Supporting that is the testimony of the plaintiff that no such letter was received by him, his explanation how reference to "the 16th" was made in his letter of the 31st written by his wife, his letter apparently responsive to another letter, the letter of the defendant of November 11th, wherein it undertook to state the time and manner notice was given the plaintiff of the cancellation of the policy, making direct reference to and copying its letter of November 2d, but making none whatever to its alleged letter of October 16th, and the probability or improbability of its declaring the policy canceled on a day on which it, under its terms, was not subject to cancellation or forfeiture, and not until a later day. What the real truth is in such respect, and whether the claim of the defendant or that of the plaintiff was supported by the greater weight of evidence, was for the jury. *Campbell* v. *Gowans,* 35 Utah 268; 100 Pac. 397; 23 L. R. A. (N. S.) 414; 19 Ann. Cas. 660; *City of Omaha* v. *Yancey,* 91 Neb. 261; 135 N. W. 1044; *Lee* v. *Huron Indemnity Union,* 135 Mich. 291; 97 N. W. 709. The defendant, therefore, was not entitled to a direction of a verdict, or to a charge, on the theory that the evidence without conflict showed that the letter of October 16th was received by the plaintiff, and that he then was notified of the cancellation of the policy.

So the stated case presents this: The defendant, on Octo-

ber 5th, in response to plaintiff's request for an extension of
time to pay the premium and to accept his note, wrote
him that he was granted to December 16th to pay it,    **2, 3**
provided he remitted at once the interest due, amount-
ing to $28.80, and inclosed a note to be signed and forwarded
by him.   No other conditions were imposed.   If these con-
ditions were complied with, then was the transaction closed.
The defendant thereafter could not impose other or addi-
tional conditions.   It, let it be assumed, could have with-
drawn the proposition before acceptance; but, when accepted
and complied with, it could not then withdraw it, nor im-
pose new or additional conditions.   So the case turns upon
the question of whether the plaintiff complied with the con-
ditions upon which the defendant in its letter of October 5th
granted the plaintiff an extension of time to December 16th
to pay the premium.   The defendant contends not, because
the plaintiff delayed remitting the interest and giving the
note until the 31st—something like twenty-four days—when
the imposed conditions required that to be done at once.   The
term "at once," it is conceded, means within a reasonable
time.   Whether the plaintiff within a reasonable time com-
plied with the conditions the court left to the jury as matter
of fact.   We think that was right.   We do not think it ought
to be said, as matter of law, that the time here, under all the
circumstances, was unreasonable.   *Murray* v. *Home Ben. L.
Ass'n*, 90 Cal. 402; 27 Pac. 309; 25 Am. St. Rep. 133; 33
Cyc. 1567; 4 Words and Phrases, 2d Ser., 189.   The cases
show that:

"the term 'reasonable time' is a relative one, and its meaning
depends entirely upon the attendant circumstances.   It has been
held in one case to mean as soon as convenient; in another, the
least possible time after an event; and in many others it was held
that such time must be determined according to the circumstances
of the case, and with particular reference to the means and ability
of the person by whom the contract is to be performed."

(*Neilsen* v. *Mayer* [Sup.], 85 N. Y. Supp. 1069), and de-
pends:

"upon the nature of the act to be done, the nature of the contract,
and all the circumstances relating to the same." (*Kelley, Maus &
Co.* v. *Hart-Parr Co.*, 137 Iowa 713; 115 N. W. 490.)

If, therefore, as found by the jury, and as, on the evidence, they could find, the plaintiff, within a reasonable time, and within the life of the insured, paid the interest and gave his note, and thus complied with the conditions specified in the defendant's letter of October 5th, and before the proposition was recalled by it, the defendant cannot complain; for it then got just what was proposed, accepted, and performed.  It could not thereafter impose other conditions by requiring the insured also to make an application for reinstatement, to furnish a certificate of good health, and "pay all indebtedness and arrears of premiums with interest," as imposed and demanded by it in its letter of November 2d, and by the blank application furnished by it.  *Murray* v. *Home Ben. L. Ass'n, supra; Ætna L. Ins. Co.* v. *Sanford,* 200 Ill. 126; 65 N. E. 661.

We are therefore of the opinion that the judgment should be affirmed, with costs.

Such is the order.

McCARTY, C. J., and FRICK, J., concur.