Note:—See under (1) 32 Cyc. p. 474 (1926 Anno); (2) 32 Cyc. p. 478 (1926 Anno).

---

## ATLAS ASSURANCE CO., Ltd., v. LEONARD.

No. 14303—Opinion Filed March 24, 1925.

(Syllabus.)

1. **Appeal and Error—Amendment of Pleading—Amendment Regarded as Made.**

The amendment of a plea which ought to have been allowed, if leave to make it had been asked in the trial court to conform it to the evidence adduced without objection or by the adverse party, will be regarded in this court as having been made.

2. **Insurance — Fire Policy — Notice and Proof of Loss as Prerequisite to Suit.**

Where a fire insurance policy contains the provision that in case of loss by fire the insured shall give notice of such loss, and

shall, within sixty days, make verified proof of loss in writing, and where the policy makes a compliance with such provision a condition precedent to an action, held, the right of action does not mature until such provision shall have been complied with or waived.

### 3. Same—Waiver of Proof of Loss by Denial of Liability.

A provision in an insurance policy requiring proof of loss to be furnished the company within a certain definite time is waived by the company denying liability within said time upon other grounds than failure to furnish proof of loss.

### 4. Same—Denial of Liability for Portion of Loss—Effect.

Where a fire insurance company issued its policy of insurance and, the second day after a loss thereunder occurred, an adjuster of the company investigated the conditions of loss resulting from the fire and the amount of the loss, and there was no controversy over the cause of the fire or property loss or value of the same, and the adjuster offered to pay a part of the loss, but denied liability as to another part for the reason of lack of insurable interest in such other part, held, that, in an action to recover for damages for loss, the act of the adjuster in offering to pay a part of the loss, but denying liability as to the other part, for the reason of lack of insurable interest therein, amounted to a denial of liability upon other grounds than failure to furnish proof of loss, and, having denied liability upon other grounds within sixty days, the provision of the policy requiring proof of loss to be made within sixty days, was waived.

### 5. Appeal and Error—Harmless Error—Comment of Court on Undisputed Facts.

Record examined, and held, that while the language of the court, expressing an opinion on questions of fact in the court's ruling on defendant's demurrer to plaintiff's evidence and in the presence of the jury, constituted error, yet in this case, in view of the evidence on the points to which the remarks of the court were related being undisputed, such error is not material and, therefore, not reversible.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by S. L. Leonard against the Atlas Assurance Company, Ltd., of London, England. Judgment for plaintiff, and defendant brings error. Affirmed.

Geo. B. Rittenhouse and F. A. Rittenhouse, for plaintiff in error.

C. F. Green, for defendant in error.

RILEY, J. This cause of action was begun in the district court of Pontotoc county by the defendant in error, plaintiff below, against plaintiff in error, defendant below, to recover the face value of an insurance policy alleged to have been due under the terms and conditions of a fire insurance policy covering cotton in bales.

It appears that plaintiff, Leonard, was a tenant farmer who resided on the land of B. C. King near Ada. Defendant, Assurance Company, issued to plaintiff its usual insurance policy, indemnifying plaintiff against loss of eight bales of cotton, by fire, to the amount of $400. Plaintiff alleged that on June 2, 1921, the cotton, so insured, was destroyed by fire. B. C. King. landlord, filed an interplea setting up an interest by virtue of a landlord's lien claimed in the sum of $300. The cause was tried to a jury, resulting in a finding for plaintiff, upon which finding the trial court rendered judgment for plaintiff in the sum of $400, with interest at the rate of 6% per annum from the 2nd day of June, 1921, until paid, and for costs. Defendant, Atlas Assurance Company, appealed.

The first assignment of error urged is that the petition of plaintiff is insufficient to constitute a cause of action; that it failed to allege the following averments: First, that plaintiff was the owner of the insured property at the time of the alleged loss; second, that plaintiff had an insurable interest therein; third, that the insured property was, at the time of the loss, located on the northwest quarter of section six (6), township four (4) north, range six (6) east, in Pontotoc county, Okla.; fourth, that the alleged loss had not been paid or that such loss was then due and payable.

The second contention urged by plaintiff in error is that no proof of loss was furnished defendant and that defendant did not waive the same.

The third contention is that the plaintiff was not the absolute owner of the property insured and covered by the policy, under the terms of which there could be no recovery.

The fourth contention is that the trial court commented upon the evidence to the prejudicial interest of the plaintiff in error.

In the contention that petition of plaintiff is insufficient to constitute a cause of action we shall consider the assignment of error thereunder pleading that the petition failed to allege that the plaintiff was the owner of the insured property at the time of the alleged loss. Evidence was introduced tending to show that insured was in fact the owner of the insured property at

the time of the loss and that plaintiff had an insurable interest in the property so lost, and while these facts were not presented in direct words in the petition of plaintiff, under the rule announced in Harn et al. v. Patterson, 58 Okla. 694, 160 Pac. 924, an amendment of a plea which ought to have been allowed, if leave to make it had been asked in the trial court, to conform it to the evidence adduced without objection or by the adverse party, will be regarded in this court as having been made. Carson v. Butt, 4 Okla. 133, 46 Pac. 596; First National Bank of Mill Creek v. Langston, 32 Okla. 796, 124 Pac. 308; Love v. Kirkbride Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858.

It is urged under the third assignment in error that the petition of insured failed to allege that the property, at the time of the loss, was located on the northwest quarter of section six (6), township four (4) north, range six (6) east, in Pontotoc county, Okla. This was the location of the property at the time the insurance policy was issued.

Plaintiff attaches the policy sued upon to the petition and makes it a part of his pleadings. Plaintiff alleges in his petition that he has done and performed all of the conditions precedent, entitling him to bring and maintain his action. While the general rule is that the insured must allege that the destroyed property was in the location described in the policy, yet there is evidence introduced in the trial of this case from which a reasonable conclusion and finding can be had that the insured property was located upon the place of this tenant farmer at the time of loss, the place where insured lived, upon which place the cotton was at the time it was insured, stored, and burned, and where the adjuster of plaintiff in error viewed the bale ties and burned cotton, and we are inclined therefrom to follow the rule herein announced providing for the consideration of an amendment to the petition having been made.

We think the complaint of plaintiff in error that the petition failed to allege the loss had not been paid, or that such loss was due and payable, is untenable for the reason that plaintiff below satisfied this requisite by the allegation ipsissimis verbis: "That by reason of the contract of insurance, as aforesaid, and the destruction of the cotton insured, defendant has become and is now liable to plaintiff in the sum of $400."

It is contended by plaintiff in error that proof of loss was not alleged in the petition of insured nor proved in the trial. From an examination of the petition we find that plaintiff avers that he has complied with the terms of the policy with reference to notifying the defendant of the fire, and with an alternative statement to the effect that defendant has waived said requirements, and concluding with a general allegation of performance of the conditions precedent to maintaining the action.

This fire insurance policy contains the provision that in case of loss by fire the insured shall give notice of such loss and shall, within 60 days, make verified proof of loss, in writing. These provisions constitute a condition precedent to an action and necessitate an averment in the pleading of a compliance therewith or a pleading of a waiver or estoppel thereof. A waiver of notice of loss was sufficiently pleaded by plaintiff; a pleading of waiver of proof of loss, though not artfully or carefully drawn, was to some extent mentioned wherein the petition recites "that he has complied with the terms of said policy with reference to notifying the defendant of the fire which destroyed said cotton, and with an alternative allegation that defendant has waived said requirement by having sent an adjuster to the scene of the fire and loss and having made an offer of settlement to plaintiff." Under the rule announced in Harn et al. v. Patterson, supra, E. B. Lilly, adjuster of the insurance company, having testified at the request of insurance company as to his investigation of the loss, we will regard the petition of plaintiff to have been amended to conform to the evidence adduced.

The insurance company contends that no proof of loss was furnished defendant as provided by law, and that defendant did not waive the same. Since no proof of loss was furnished, our consideration shall be as to whether the evidence is sufficient to support the finding that the company waived this proof.

The facts are, as shown by the evidence, the second day after the fire and after insured had directed notice to be sent to the company, the adjuster, with the agent of the company, came to the place of insured, looked over the ashes of the cotton, counted the hoops of the bales and stated that the company would write out a check for $150, and that the company would not be liable for the landlord's interest. The insured refused such payment, and the parties went to town, where a nonwaiver agreement was signed. One day, before the 60-day period

for notice had elapsed, a letter was mailed from the adjustment company to insured, which letter appears in the record. This letter advises that the policy could not cover more than plaintiff's interest in the cotton. There was no contention in the record over the number of bales destroyed nor the value of the same. We conclude that there can be but one logical conclusion from the consideration of the evidence, and that is that the adjuster, on behalf of the company, was denying liability for one-fourth the amount of the cotton destroyed because of the interest of the landlord therein. This court, in the cases of Oklahoma Fire Insurance Company v. Wagester, 38 Okla. 291, 132 Pac. 1071, American National Insurance Company v. Donahue, 54 Okla. 294, 153 Pac. 819, and Federal Life Insurance Company v. Lewis, 76 Okla. 142, 183 Pac. 975, 5 A. L. R. 1637, held:

"The provision in the insurance policy requiring proof of total disability to be furnished the company within a certain definite time is waived by the company denying liability within such time upon other grounds than failure to furnish proof of loss." Springfield Fire & Marine Insurance Company v. Donahue et al., 87 Okla. 78, 209 Pac. 442.

The company's conduct relative to the claim was sufficient to justify the belief on the part of insured that formal proof of loss would be waived. The company did not deny, through the adjuster, liability on the ground of failure to establish a loss. The company caused to be made, on its own account, an independent investigation of the loss.

Cooley's Brief on Insurance, 3526:

"If the company investigates the loss on its own account and so conducts itself with relation thereto as to show a satisfaction with the knowledge thus obtained, or to induce reasonable belief in the insured that it is so satisfied, and does not desire formal notice or proof, it will amount to a waiver of such formalities."

Slight evidence will raise a waiver against the insurance company when the equities are in favor of insured. Bonenfant v. American Fire Insurance Company, 76 Mich. 653, 43 N. W. 682; Germania Insurance Company v. Klewer, 129 Ill. 599, 22 N. E. 489; German Insurance Company v. Gibson, 53 Ark. 494, 14 S. W. 672; New York Life Insurance Company v. Eggleston, 96 U. S. 572, 24 L. Ed. 841; Liverpool & London & Globe Insurance Company v. Cargill, 44 Okla. 735, 145 Pac. 1134.

In the case of Continental Insurance Company v. Chance, 48 Okla. 324, 150 Pac. 114, it was held:

"A provision in an insurance policy, requiring proof of loss to be furnished the insurance company within sixty days from the fire, is waived should the company, within said sixty days, deny liability upon other grounds than failure to furnish proof of loss." Kuck v. Citizens' Insurance Company of Missouri (Wash.) 155 Pac. 406.

In the case at bar the adjuster of the insurance company denied a part of the liability on the grounds that plaintiff was without interest in that part, and offered settlement of a part of what was considered by the adjuster to be the insured's interest. Such a state of facts brings the matter within the rule so as to say the company repudiated liability on grounds other than that of actual loss, and such action of the company directed insured's attention to the insured's interest rather than to the fact and proof of loss. These acts of the adjuster occurred before the nonwaiver agreement was entered into. Thompson v. Germania Fire Insurance Company (Wash.) 88 Pac. 941; State Mutual Insurance Company v. Green, 62 Okla. 214, 166 Pac. 105.

It is contended by the company that the plaintiff was not the absolute owner of the property insured and covered by the policy.

It appears that B. C. King owned the land upon which plaintiff raised the cotton in question, plaintiff being the tenant of King. Such being the case, King had no further interest in the cotton than that of a landlord, and this interest extended only to a lien thereon as provided by section 7363, Compiled Oklahoma Statutes 1921. Then, too, the following appears in the policy sued upon:

" * * * This policy shall also cover cotton in bales held in trust or on commission or on joint account with others, or sold but not delivered, all only while contained on the northwest quarter of section six (6), township four (4) north, range six (6) east, in Pontotoc county, Okla."

We see no merit in this contention.

It is urged by the defendant that the trial judge erred in making remarks in the presence of the jury and in failure to withdraw the same from their consideration.

It appears that plaintiff rested his case in chief and defendant demurred to the evidence of plaintiff. The court, without excusing the jury, in overruling the demurrer, commented upon the matter of waiver of proof of loss, the weight of a bale of cotton, the presence and acts of the adjuster in in-

vestigating the loss. These were undisputed facts, and while it would have been far better decorum and practice for the court to have excused the jury, we cannot say that these remarks of the court as to undisputed matters of fact and of law were reversible error.

38 Cyc. 1319, reads as follows:

"Improper comments on evidence are ordinarily considered cured where the court instructs the jury that they are the exclusive judges of all questions of fact, and the judgment will not be reversed when it is apparent that no prejudice resulted, as where the undisputed evidence shows the fact to be as stated by the judge." Gentry v. Kelley, 49 Kan. 82, 30 Pac. 186; Lee v. Huron Ind. Union, 135 Mich. 291, 97 N. W. 709; Willis v. W. U. Tel. Co., 73 S. C. 379, 53 S. E. 639; Pratt v. Frazier, 72 S. C. 368, 51 S. E. 983; Conner v. Littlefield, 79 Tex. 76, 15 S. W. 217; Olson v. Soherson 71 Wis. 603, 38 N. W. 329.

In the case of City of Guthrie v. Mollie Carey, 15 Okla. 276, 81 Pac. 431, quoting Birmingham Fire Insurance Company v. Pulver, 126 Ill. 329, it is said:

"Every unguarded expression of the judge, in stating reasons to counsel for his ruling, cannot be treated as a ground for granting a new trial; to do so would be to greatly embarrass the administration of justice."

It is error for a court to express, in the presence of the jury, an opinion on a question of fact being tried by a jury. We are inclined to follow the rule regarding such error insufficient to cause a reversal of the case when such comment of court is upon undisputed fact and in the court's ruling upon a demurrer of a party litigant.

The judgment of the trial court is, therefore, affirmed.

BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.