COUNTY OF MONTMORENCY v. PUTNAM.

| 122 | 581 |
|---|---|
| s127 | 37 |
| 122 | 581 |
| s81NW | 573 |
| 122 | 581 |
| s135 | 113 |
| s135 | 115 |
| 122 | 581 |
| s144 | 135 |

1. COUNTY TREASURER—SETTLEMENT WITH SUPERVISORS—ACTION ON OFFICIAL BOND—ARGUMENT OF COUNSEL.

Where, in an action on a county treasurer's bond, evidence concerning certain settlements between the treasurer and the board of supervisors was submitted to the jury, counsel should have been permitted to argue before the jury the question of the weight to be attached to such evidence.

2. SAME—STATE OF ACCOUNT—PRIMA FACIE EVIDENCE.

Such settlements, at least annually, being provided for by 1 Comp. Laws 1897, § 2479, are *prima facie* evidence of the state of the account, either party, however, being at liberty to show fraud, mistake, or omission.

3. SAME.

Evidence that payments had been made to and by the treasurer which were not credited in the settlements affects only the weight to be given to them as *prima facie* evidence of the state of his account.

Error to Montmorency; Kelley, J. Submitted November 14, 1899. Decided January 23, 1900.

*Assumpsit* by the county of Montmorency against Edward J. Putnam, principal, and Lewis Jenson and others, sureties, on a county treasurer's bond. From a judgment for plaintiff, defendants bring error. Reversed.

*Frank Emerick*, for appellants

*James Francis*, for appellee.

MONTGOMERY, C. J. This is an action on the official bond of the former treasurer of Montmorency county. The evidence on the trial consisted of testimony of expert accountants, the books of the treasurer and vouchers produced, and also three settlements made by and between the treasurer and the board of supervisors. At the con-

clusion of the testimony, the circuit judge announced that, in view of the claims of the respective parties, the settlements cut no figure in the case, as determining the amount due, and restricted counsel in the argument of the case when they were trying to make use of the settlements as establishing *prima facie* the state of the account between the treasurer and the county. In the charge to the jury, the circuit judge said, "These settlements are in evidence, and you may consider them, with the other evidence, as tending to show the probability of the claims of these parties;" and proceeded to discuss the settlements somewhat at length. We need not consider whether the charge as a whole dealt fairly with the subject of these settlements, as it is clear that, if the subject was to be considered at all, counsel had the right to argue the question of the weight to attach to them to the jury.

The statute (section 2479, 1 Comp. Laws 1897) provides for such settlements, and for a record of them. They are not conclusive. *Township of Boardman* v. *Flagg*, 70 Mich. 372; *Bush* v. *County of Johnson*, 48 Neb. 1 (32 L. R. A. 223, 58 Am. St. Rep. 673). But we think the settlements, while open to impeachment, are to be treated as *prima facie* evidence of the state of the account, either party being at liberty to show fraud, mistake, or omission.

The circuit judge appears to have been of the opinion, at first, that because one of the witnesses for the defendants testified to certain payments made by the treasurer not credited in the settlements, and the testimony tended to show that the county had not been credited with certain moneys collected, the settlements should be wholly discarded. We think this testimony affected only the weight to be given to them. The defendants' counsel did not claim that the settlements were conclusive, but claimed the right to discuss the weight to be given to them. This was denied them, and in this there was error.

Judgment reversed, and a new trial ordered.

The other Justices concurred.