COUNTY OF MONTMORENCY *v.* PUTNAM.

APPEAL—WEIGHT OF EVIDENCE—NEW TRIAL.

In an action on a county treasurer's bond, it appeared, practically beyond dispute, that the treasurer had received moneys which were not accounted for in his settlements with the board of supervisors. As against this was his general denial of having appropriated any money of the county. The jury returned a verdict in favor of the county for a small part of its claim only. *Held*, that plaintiff's motion for a new trial, on the ground that the verdict was against the weight of the evidence, was improperly denied.

Error to Otsego; Sharpe, J. Submitted March 6, 1901. Decided June 4, 1901.

*Assumpsit* by the county of Montmorency against Edward J. Putnam, principal, and Lewis Jenson and others, sureties, on a county treasurer's bond. From a judgment for plaintiff for less than the amount claimed, plaintiff brings error. Reversed.

*James Francis*, for appellant.

*T. A. E. & J. C. Weadock*, for appellees.

Montgomery, C. J. This action is brought against defendant Putnam, as principal, and his co-defendants, as sureties, on a county treasurer's bond. The case has once been before the court, the former judgment being reported in 122 Mich. 581 (81 N. W. 573). A new trial has been had, resulting in a verdict in favor of the plaintiff for $1,044. The plaintiff moved for a new trial on the ground that the verdict was against the weight of the evidence, it being for only a small portion of plaintiff's claim, and asked, in the same motion, that the case be referred to a referee upon the granting of a new trial. The motion was denied, and the plaintiff has brought the case to this court, assigning error on the charge, and on the rulings admitting testimony, and upon the refusal of the court to grant a new trial. We think the circuit judge kept well within the rules of law laid down in the former decision, and that no error was committed in his rulings upon the admissibility of testimony, or in his charge to the jury.

Under the statute, however, we are called upon to determine whether the verdict was so clearly against the weight of the testimony as to call for the vacation of the verdict and the granting of a new trial. We have read the record with care, and we are constrained to say that we think the jury were confused in the attempt to render a just accounting between the parties. The facts in the case are that there were three different settlements with the treasurer. As held in our former opinion, these settlements are to be taken as *prima facie* correct. But the circuit judge, on the second trial, correctly charged the jury that, if they found that Putnam was not charged with all the sums he received as treasurer of the county, and has not since accounted for them to the county, or to his successor in office, he should be charged with them in this case. The testimony shows pretty conclusively, as we

read it, that, in the various settlements between the treasurer and the board of supervisors, the county clerk's books were relied upon to show the charges which should be made against the treasurer. It also appears, practically beyond dispute, that certain funds coming into the hands of the treasurer from the auditor general were not charged upon the county clerk's books to the treasurer. This fact demonstrates that in the settlements with the county treasurer these omitted items could not have been taken into account, either by the supervisors or by the treasurer. Now, as against these statements is the general denial of the defendant Putnam that he has appropriated any moneys belonging to the county, his claim being that he kept the funds separate from his own, and that he has not appropriated any money. While we by no means hold that this testimony is not admissible for what it is worth, yet, in weighing the question as a question of fact, we are constrained to say that, to our minds, this testimony is in no way convincing. While we are reluctant to interfere to disturb the verdict of a jury, we feel that in this case it is manifest that an injustice has been done this county, and that in fairness the question should be submitted to another jury.

The judgment will be reversed, and a new trial ordered. Costs of the former trial will abide the event. The plaintiff will recover costs of this court.

HOOKER, MOORE, and GRANT, JJ., concurred. LONG, J., did not sit.