COUNTY OF MONTMORENCY *v.* PUTNAM.

1. JUDGMENT—RENDITION—NON OBSTANTE VEREDICTO.
A verdict for plaintiff for less than the amount claimed, and less than the evidence shows plaintiff entitled to, cannot be set aside and judgment for the proper amount rendered non obstante veredicto, since a judgment for plaintiff cannot be rendered without a supporting verdict.

2. NEW TRIAL—INSUFFICIENCY OF EVIDENCE.
A motion for a new trial should be granted where the verdict is clearly against the weight of the evidence.

Error to Bay; Shepard, J. Submitted November 9, 1905. (Docket No. 109.) Decided May 24, 1906.

Assumpsit by the county of Montmorency against Edward J. Putnam, principal, and Lewis Jenson and others, sureties, on a county treasurer's bond. There was judgment for plaintiff for less than the amount claimed, and it brings error. Reversed.

*O'Brien & Francis,* for appellant.

*T. A. E. & J. C. Weadock,* for appellees.

McALVAY, J. The county of Montmorency brought suit in assumpsit against Edward J. Putnam as principal, and the other defendants as sureties, on a county treasurer's bond, to recover a balance not accounted for by Putnam as county treasurer. This case has been before this court and passed upon three times. 122 Mich. 581, 127 Mich. 36, 135 Mich. 111. A reference to these cases will disclose the controversy between these parties, and any further statement of facts at this time is unnecessary.

The last trial had in the court below resulted in a verdict and judgment in favor of plaintiff for the sum of

$1,236. Plaintiff moved the court to set aside the verdict, and to enter the judgment for $5,195.34, the full amount claimed, or to grant a new trial, for the reason that the verdict was contrary to the undisputed evidence in the case, and also for the reason that a verdict should have been instructed for plaintiff for the full amount claimed, as requested. This motion was denied. Errors are assigned upon the refusal to grant this motion and to give the requests referred to, and also upon the admission of certain testimony introduced by defendants upon the trial. The law governing the case has been settled by the former decisions above quoted. The principal questions now raised in the case are whether the court, notwithstanding the verdict, should have set it aside, and entered a judgment for the full amount claimed; in other words, should have instructed such a verdict for plaintiff, or should have set aside the verdict rendered, as against the evidence, and granted a new trial.

From the record we are entitled to say that the total amount charged against defendant county treasurer, $68,991.33, was not disputed. Plaintiff admitted that the defendant was entitled to credit for the sum of $63,795.99. The difference between these charges of debit and credit, $5,195.34, with interest, is the amount plaintiff claims it should have recovered, from the undisputed evidence in the case. An examination of the record before us does not disclose any material difference, as far as the evidence is concerned, from the record before the court at the last time. 135 Mich. 111. In the decision of the case at that time Justice CARPENTER, speaking for the court, said:

" The first trial resulted in a judgment for plaintiff for over $4,000. This judgment was reversed because defendants' counsel was not permitted to argue to the jury that the settlements hereafter referred to between the parties to this suit afforded prima facie evidence of the true condition of the account. The second trial resulted in a verdict in favor of the plaintiff for $1,044. Plaintiff sued out a writ of error, and this court reversed the judg-

ment on the ground that, according to the weight of the testimony, plaintiff was entitled to a larger verdict. The case has been tried the third time, and resulted in a verdict for defendants of no cause of action. Plaintiff asks a reversal of that judgment on the ground that, under the undisputed testimony, it was entitled to a verdict, and, if not, that the verdict should be set aside as against the weight of the evidence."

The opinion then discusses the testimony at length and determines that the undisputed evidence in the case proves that defendant should be charged with receipts amounting to $68,991.33. Defendant Putnam's testimony is also referred to more at length than in the former opinion, and it is stated:

"It appears from the uncontradicted testimony that defendant Putnam is justly chargeable with an item of $824 for the sale of lands at a private sale to one E. O. Avery, and that this money never came into his hands. He is responsible for this amount, because he sold these lands to Avery on credit, and Avery never paid for them. (It was this amount, with interest, which constituted the $1,044 for which the treasurer was held liable on the last trial. See 127 Mich. 36)."

The court held that, under the undisputed testimony in the case, plaintiff was entitled to a verdict for this amount with interest. Following this decision, the case was sent back for a new trial, and, notwithstanding the charge of the court properly given under this decision, another jury rendered a verdict of no cause of action. This was promptly set aside on motion of plaintiff and a new trial granted. The result of that trial is now before us for consideration.

The verdict was for the amount of the Avery purchase, and interest. As already stated, the evidence is the same as in the record last before the court. The situation is identical with that presented when this case was here the second time. 127 Mich. 36. The judgment set aside in that case was the amount of the sale to Avery, with interest. The question before the court was "whether the

verdict was so clearly against the weight of the testimony as to call for a vacation of the verdict and the granting of a new trial." MONTGOMERY, C. J., speaking for this court, said:

"It also appears, practically beyond dispute, that certain funds coming into the hands of the treasurer from the auditor general were not charged upon the county clerk's books to the treasurer. Now, as against these statements is the general denial of defendant Putnam that he has appropriated any moneys belonging to the county; his claim being that he kept the funds separate from his own, and that he has not appropriated any money. While we by no means hold that this testimony is not admissible for what it is worth, yet, in weighing the question as a question of fact, we are constrained to say that, to our minds, this testimony is in no way convincing."

The judgment was set aside as against the weight of evidence, and a new trial ordered. The difference between the amounts referred to by the learned Chief Justice, including other amounts equally undisputed, and the amounts credited to the treasurer in his settlements with the supervisors, from the record before us, is $6,875.89. It also appears that he had not credited himself with $1,582.32, auditor general receipts credited in settlement. These items are taken from the records of the State and county offices. The testimony of defendant is the same as on the former trials. After a careful examination of this testimony we repeat the statement of a former decision, already quoted:

"In weighing the question as a question of fact, we are constrained to say that, to our minds, this testimony is in no way convincing."

It appearing to us that this verdict was against the weight of evidence, the judgment based upon it must be set aside. The court was not in error in refusing to enter a judgment for the plaintiff for the full amount claimed non obstante veredicto, nor can this court do so for obvious reasons pointed out by Justice CARPENTER when the case was last before us. We find no errors in the charge

of the court, or in rulings upon the admission of testimony. The motion for a new trial should have been granted, for the reason above stated.

The judgment is reversed, and a new trial ordered.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.