## VETTER *v.* FOWLER.

CONSTITUTIONAL LAW—STATUTES—REGISTERS OF DEEDS—SALARY —FEES.

> Under the Constitution of 1909, art. 8, § 9, providing that boards of supervisors shall have exclusive power to fix the salaries and compensation of all county officers not otherwise provided for by law, the board of supervisors of Ingham county exceeded their authority in fixing the salary of the register of deeds at $1,500 in lieu of all fees, since the fees and compensation of the register are determined by a pre-existing statute. 3 Comp. Laws, § 11227.

Error to Ingham; Wiest, J. Submitted July 5, 1911. (Docket No. 131.) Decided December 8, 1911.

Assumpsit by William B. Vetter, treasurer of Ingham county, against Homer S. Fowler, register of deeds of Ingham county. Judgment for defendant. Plaintiff brings error. Affirmed.

*Charles H. Hayden,* Prosecuting Attorney, for appellant.

*C. W. & W. S. Foster,* for appellee.

MCALVAY, J. This suit in assumpsit was brought to recover from the register of deeds of Ingham county certain fees collected by him in his official capacity during the month of February, 1911, to the amount of $412.02. The facts in the case are stipulated, together with an agreement that no question is raised as to whether the treasurer is the proper party to institute this suit.

Plaintiff relies for recovery upon the provisions of section 9, art. 8, of the Constitution of 1909, which provides:

"The boards of supervisors shall have exclusive power to fix the salaries and compensation of all county officials not otherwise provided for by law."

At the October session, 1910, of the board of supervisors of Ingham county, the salary of the register of deeds was fixed at the sum of $1,500 per year. Defendant, under protest in writing, paid to the county treasurer the receipts of his office for the month of January, 1911. He declines to turn over such receipts for the month of February, claiming that the board of supervisors had no power to fix a salary for his office, and that he was entitled to retain the fees provided by law as his compensation. The case was tried before the court without a jury, and his opinion filed in the case is stipulated as his findings of fact and law. Upon such findings a judgment was entered for defendant. Exceptions were filed to such findings, and errors assigned. These need not be considered separately as the case depends upon the construction the court will give to the constitutional provision invoked, and the provisions of law relative to fees of registers of deeds.

We agree with the learned circuit judge that this section of the Constitution is not ambiguous. The rule that effect must be given to the entire section is a fundamental one, as is also the one that words must be given their usual and ordinary meaning. That the intention of the framers of this Constitution as expressed in the final clause, "not otherwise provided for by law," was to place a limitation upon the power granted to boards of supervisors, cannot be made clearer than the simple words used in the paragraph itself express. Provision is made by law to compensate registers of deeds for services rendered by certain fees. See section 2611, 1 Comp. Laws, and section 11227, 3 Comp. Laws. It has always been the fixed policy of the State to compensate these officers by fees. This policy was known to the framers of this Constitution, and these provisions of law were recognized in the limitation upon the power granted. The fees sought to be recovered in this suit are those fixed by law and paid to defendant in his official capacity as register of deeds. The board of supervisors had no power to fix his

salary in lieu of such statutory fees, and require him to pay into the county treasury the fees of his office.

The judgment of the circuit court is affirmed, but without costs.

OSTRANDER, C. J., and BROOKE, BLAIR and STONE, JJ., concurred.