CRAWL v. DANCER.

1. DAMAGES—EVIDENCE—TRIAL—COMPROMISE VERDICT.
   Although plaintiff's evidence showed damages amounting
   to $95.70, and defendant's proofs tended to prove that no
   cause of action existed, a verdict for $48.50 was rightly
   allowed to stand, and the court correctly refused to set
   it aside as a compromise verdict if it did not clearly
   appear that the jury reached the result by splitting dif-
   ferences.

2. TRIAL—CONDUCT OF COUNSEL—CURING ERROR.
   Any possible prejudice which the defendant may have sus-
   tained by plaintiff's attorney's referring to the fact that
   the plaintiff recovered a judgment in justice's court, was
   cured on the trial of an appeal by the charge of the court
   that the jury must disregard the result in the lower court
   and decide the case upon the evidence presented.

Error to Eaton; Smith, J. Submitted April 21,
1914. (Docket No. 91.) Decided June 1, 1914.

Assumpsit in justice's court by Samuel Crawl
against Jess D. Dancer for goods sold and delivered.
From a judgment for plaintiff, defendant appealed
to circuit court. Judgment for plaintiff. Defendant
brings error. Affirmed.

*Arthur E. Kidder (Elmer N. Peters,* of counsel),
for appellant.

*L. H. McCall,* for appellee.

KUHN, J. Plaintiff recovered a judgment against
the defendant in the justice's court of $47.80. On an
appeal to the circuit court, in a trial before a jury,
it resulted in a verdict and judgment for the plaintiff
in the sum of $48.50.

The case is here by writ of error, and it is claimed

that the trial court should have granted the motion for a new trial which was made by the defendant, because the verdict was a compromise verdict, as it should have been either for the entire amount of $95.70, the claim of the plaintiff, or, for the defendant, no cause of action. The dispute arises out of the method used in scaling certain logs sold by plaintiff to defendant. Plaintiff claims that the logs were sold with butts on, and the defendant claims that the logs were to be butted to get above certain irons and nails which had been driven into the trees. In order to have a verdict set aside because of its being a compromise, it must be clear that the jury reached the verdict by "splitting differences." *Benedict* v. *Provision Co.*, 115 Mich. 527, 531 (73 N. W. 802). We are not satisfied from this record that such an inference is the necessary one, and agree with the trial judge, who, in denying the motion for a new trial, said that the verdict might be supported by the evidence given on the trial.

Defendant also claims that it was error for plaintiff's attorney, in opening the case to the jury, to refer to the fact that the plaintiff had recovered a judgment in the justice's court, and the defendant had appealed. The court, in referring to this in his charge, specifically instructed the jury that they must not be governed by what happened in the justice's court and must decide the case upon the proof offered on the trial before them.

We are of the opinion that no prejudicial error was committed in the trial of the case, and the judgment is affirmed.

MCALVAY, C. J., and BROOKE, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.