BUCKNER LOAN CO. *v.* BICHER.

1. NEW TRIAL—COMPROMISE VERDICTS—"SPLITTING DIFFERENCES."
   While it is the duty of the court to set aside compromise
   verdicts which do not represent the judgment of the
   jury, such action is only justified where the record makes
   it clear that the jury reached the result by "splitting
   differences."

2. TRIAL—INCONSISTENT TESTIMONY—CREDIBILITY FOR JURY.
   Where the testimony of a witness is contradictory, the
   jury is the judge of its credibility, and it is for them to
   determine which, if either, version was truthful.

3. SAME—COMPROMISE VERDICT—PARTY MAY NOT COMPLAIN THAT
   JURY ACCEPTED HIS TESTIMONY.
   In an action on certain notes, where the amount of the
   principal and also the amount to be credited thereon
   was in dispute, and defendant's testimony as to the amount
   he was owing on the principal was contradictory, it does
   not lie with him to claim that the jury should have
   accepted plaintiff's figures rather than his own, even
   though sustained by a preponderance of the evidence.

4. SAME—COMPROMISE VERDICT—"SPLITTING DIFFERENCES."
   Where the amount of the verdict may be accounted for
   by the discrepancy in the testimony, it will not be assumed
   that it was arrived at by "splitting differences."

5. SAME—WITNESSES—PARTY MAY NOT SPECULATE ON TESTIMONY
   OF WITNESS.
   Where a witness for plaintiff testified without objection,
   and was fully cross-examined by defendant's counsel, a
   motion thereafter by the latter to strike out the testimony
   was properly overruled, since a party may not speculate
   on the testimony of a witness, allowing it to stand if
   favorable, and moving to strike out if unfavorable.

6. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.
   An erroneous instruction by the trial judge that plaintiff
   was entitled to the discount on the notes sued on, which

it is conceded were usurious, where not followed by the jury, *held*, not prejudicial.

Error to Oakland; Covert (Frank L.), J.    Submitted October 18, 1922.    (Docket No. 119.)    Decided December 5, 1922.

Assumpsit by the Buckner Loan Company against Morris Bicher upon certain promissory notes.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Robert D. Heitsch,* for appellant.

*Pelton & McGee,* for appellee.

FELLOWS, C. J.    Plaintiff brings this action to recover on three promissory notes of $350 each signed by Morris Bicher and Sarah Bicher, payable to the order of plaintiff and bearing date April 18, 1921. Sarah Bicher defended on the ground that she was a married woman, wife of defendant Morris Bicher, and that the proceeds of the notes in no way benefited her separate estate, *i. e.*, that she was a surety.    She had verdict and judgment.    Morris Bicher defended on the grounds that the notes were usurious and therefore no interest could be collected on them, and that he was entitled to certain credits on the principal. Verdict and judgment against him were rendered for the sum of $700.    Defendant Morris Bicher alone reviews the judgment.    The facts necessary to an understanding of the case will be stated as we proceed.

The first assigned error discussed by counsel for defendant, and it is the main question in the case, is that the verdict of the jury was a "compromise verdict" and can not stand.    A motion for a new trial grounded on this claim was made by him and error is assigned on its refusal.    He insists that under the proofs and the charge of the court the verdict should

have been for either a greater or a considerably lesser sum, not for the amount of $700 as it was, and that fixing the verdict at this sum demonstrates that the verdict was a compromise one. He relies on *Morley* v. *Insurance Co.*, 85 Mich. 210; *County of Montmorency* v. *Putnam*, 144 Mich. 135, and numerous authorities from other jurisdictions. It is a recognized duty of courts either upon their own motion or upon motion of the prejudiced party to set aside verdicts which do not represent the judgment of the jury but which are clearly compromise verdicts; but it is equally well recognized that to justify such action the record must make it clear that the jury reached the result by "splitting differences." *Benedict* v. *Provision Co.*, 115 Mich. 527; *DeLand* v. *Hall*, 134 Mich. 381; *Whalen* v. *Grant*, 129 Mich. 178; *Lee* v. *Huron Indemnity Union*, 135 Mich. 291; *Crawl* v. *Dancer*, 180 Mich. 607.

Let us examine the claims of the parties as developed by their proofs—examine the record to see if it clearly appears that the verdict was arrived at by "splitting differences." The notes were usurious; the court so held. Plaintiff's manager testified that the amount given defendant on the notes was $960. Defendant in his notice under the general issue claimed that the amount lent him was only $900. His counsel so stated in his opening statement. Defendant so testified in his direct-examination and on his cross-examination. When confronted with two checks he claimed that he could not read English, and it was only after a grueling cross-examination that he admitted that he might be mistaken in the amount. This court has frequently held that where the testimony of a witness was not consistent with itself, when it was contradictory, the jury, not the court, was the judge of its credibility, and it was for them to determine which, if either, version was truthful. *Lonier* v. *Savings*

*Bank,* 153 Mich. 253; *B. F. Goodrich Rubber Co.* v. *Sewell Cushion Wheel Co.,* 196 Mich. 600; *Tuttle* v. *Railway Co.,* 193 Mich. 390; *Foster* v. *Rinz,* 202 Mich. 601. The jury, under the conflicting testimony, was authorized to find that the amount lent was $960 or $900 as its members saw fit to give credence to the testimony, and it does not lie with the defendant when advantageous so to do to claim that they should have accepted plaintiff's figures instead of his own even though plaintiff's figures are sustained by the preponderance of the evidence. The next item in dispute was one of $665. Defendant claimed that one Cheshelski was indebted to him in the sum of $665 and to secure its payment had deeded him property on Raeburn street. Cheshelski was also indebted to plaintiff. Defendant deeded to Norman Buckner, one of plaintiff's officers, the Raeburn street property. It is his claim that it was agreed that he should be credited with the sum of $665. Plaintiff claims that he was not to be credited with this sum until the Raeburn street property was sold and that then defendant should be credited with the first money received on its sale up to $665. It is undisputed that the property had not been sold but that mortgages on it are now being foreclosed. The other item in dispute was for $200. A colt and a cow had either been taken by or turned over to plaintiff. Plaintiff's claim was that it took the property on a chattel mortgage given by Cheshelski. Defendant claimed that the colt and cow were his and were turned over under an agreement that he should be credited with the sum of $200.

It will thus be seen that there were three disputed items:

(1) The amount of the loan whether $900 as claimed by defendant, or $960 as claimed by plaintiff.

(2) Was defendant entitled to a present credit of $665 for the Raeburn street property?

(3) Was defendant entitled to a credit of $200 for the colt and cow?

An examination of this record does not make it clearly appear that the amount of the verdict was arrived at by splitting differences, but does make it clearly appear that the jury accepted plaintiff's version of the Raeburn street property deal, and accepted defendant's version on the $200 item and accepted his claim that he only received $900 on the loan. Manifestly the defendant can not complain because the verdict was $60 less than it should have been. *Benedict* v. *Provision Co., supra; National Bank* v. *Peters,* 120 Mich. 518.

Plaintiff called Cheshelski as a witness and he gave his testimony without objection. Defendant's counsel then fully cross-examined him. He later moved to strike out his testimony. The court properly overruled the motion. One may not thus speculate on the testimony of a witness, permitting it to be received and if favorable allowing it to stand, and if unfavorable at the end of the cross-examination having it stricken out. *McWilliams* v. *Railway Co.,* 146 Mich. 216; *B. F. Goodrich Rubber Co.* v. *Sewell Cushion Wheel Co., supra,* and cases there cited.

The trial judge instructed the jury that plaintiff was entitled to the discount on the notes. This was an erroneous instruction: *Gladwin State Bank* v. *Dow,* 212 Mich. 521, but, as we have already pointed out, the jury charged defendant with $900 loaned him and credited him with $200 for the colt and cow. The jury did not allow plaintiff the item of discount and therefore defendant was not prejudiced by the instruction.

Letters written by plaintiff to defendant were received in evidence. They called attention to the fact that the note was due, demanded payment and demanded possession of the colt and cow. We do not

perceive their materiality or that they were prejudicial to defendant's rights.

Finding no error prejudicial to defendant on this record, we must affirm the judgment.

WIEST, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.   MOORE, J., did not sit.