PRAY v. TICKNOR.

MUNICIPAL CORPORATIONS—COUNTY OFFICERS—FEES—SALARY—STATUTES.

Under Act No. 480, Local Acts 1907, providing for payment of salaries to various officers of Washtenaw county, power conferred upon board of supervisors was limited to fixing salary in lieu of fees, and therefore board did not have power to grant county clerk salary of $2,100 per year and right to retain all fees collected in his office; Act No. 193, Pub. Acts 1921, not being applicable to said county.

Certiorari to Washtenaw; Brown (William B.), J., presiding. Submitted January 6, 1931. (Calendar No. 34,840.) Decided February 27, 1931.

Mandamus by Claramon L. Pray, clerk of Washtenaw county, against Frank H. Ticknor, treasurer of Washtenaw county, to compel payment of certain fees. Judgment for defendant is reviewed by plaintiff by certiorari. Affirmed.

*George J. Burke* and *Carl A. Lehman,* for plaintiff.

*Carl H. Stuhrberg,* for defendant.

NORTH, J. Plaintiff herein served as county clerk of Washtenaw county for the years 1925, 1926, 1927, and 1928. By this mandamus proceeding he seeks to compel the payment of $5,104.24 to him by the county treasurer, this amount being fees collected by the plaintiff as county clerk during the years 1925 and 1926 and by him paid over to the treasurer. The relief sought was denied in the circuit, and plaintiff reviews by certiorari.

Prior to plaintiff's first term as county clerk, the board of supervisors of Washtenaw county, at its October, 1924, session, by resolution, fixed the salaries of the respective county officers. This matter was referred to a committee. The committee's report, which contained a schedule of proposed salaries, was adopted. The pertinent portion provides: "County Clerk—$2,100 and fees fixed by law." Throughout his first term in office for the years 1925 and 1926, plaintiff drew his salary monthly on the basis of one-twelfth of $2,100; and he also prepared monthly a check for the fees incident to each marriage license in excess of 50 cents, hunting licenses, fishing licenses, and naturalization proceedings. These checks were presented to and signed by the

county treasurer and the fees above noted were thus paid to plaintiff in addition to his fixed salary. During 1925 and 1926, plaintiff did not present any claim for any other fees collected through his office; but in January, 1927, he demanded payment of all other fees which he had turned over to the treasurer. This demand was refused, and plaintiff brought mandamus.

In supplemental briefs, counsel for the respective parties have presented their views on statutory limitations pertinent to the power of the board of supervisors of Washtenaw county to compensate the county clerk by both a salary and fees. Act No. 480, Local Acts 1907, contains provisions applicable to Washtenaw county alone. It provides for the payment of salaries to the various county officers and that "such compensation shall be in full for all services for which the county may be liable and in lieu of all fees which are fixed by law or otherwise." The clerk's salary is fixed in the act at not less than $1,800 nor more than $2,000, to be determined by the board of supervisors; and in the event of no action by the supervisors the maximum amount is to be paid. It also provides that the county clerk "shall collect all fees required by law * * * and pay the same to the county treasurer on or before the last day of each month." Section 4 provides that all money received by the treasurer by virtue of this act shall be credited to the general fund.

By Act No. 193, Pub. Acts 1921, the legislature empowered the board of supervisors of each county of this State to direct the payment to the county clerk and other county officers out of the general fund "such salaries as said board may deem proper;" but this act obviously did not become operative in Washtenaw county, because it spe-

cifically provides "that nothing herein contained shall apply to counties now operating under any local or special act."

We think it is plain that the power conferred upon the board of supervisors of Washtenaw county was limited to fixing a salary in lieu of fees, and that the board did not have the power, as plaintiff contends, to grant him a salary of $2,100 per year and the right to retain all the fees collected in his office. We may also add that, without regard to the statutory limitations above noted, we think the construction placed by the circuit judge on the 1924 resolution of the Washtenaw county supervisors was correct. The order entered in the circuit court denying plaintiff's application for mandamus is affirmed. Appellee will have costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.