BOARD OF SUPERVISORS OF JACKSON COUNTY *v.* DICKER.

1. COUNTIES—COUNTY TREASURER—RETENTION OF FEES BY SALARIED OFFICER—STATUTES—ESTOPPEL.

Where board of supervisors voted to place county treasurer on straight salary basis and all fees to belong to county, neither audit of treasurer's report, which showed retention by him of certain fees, nor advice of members of board or of auditor general's staff that he was entitled to retain said fees, can annul said action of board (1 Comp. Laws 1929, § 1346).

2. SAME—EFFECT OF SETTLEMENT WITH COUNTY.

Settlements with county are *prima facie* evidence of state of accounts between treasurer and county, but are not conclusive, and may be impeached.

3. SAME—RETENTION OF FEES BY SALARIED OFFICER.

County treasurer, placed on straight salary basis, is not entitled to retain fees because of settlements with county showing retention of said fees; especially where retention of fees is punishable as misdemeanor (1 Comp. Laws 1929, §§ 1346, 1353).

4. SAME—ADDITIONAL DUTIES—COMPENSATION.

County treasurer placed on straight salary basis is not entitled to increased compensation or to retain fees collected because of addition of new duties for benefit of county (1 Comp. Laws 1929, § 5261).

5. CONSTITUTIONAL LAW—FEES OF PUBLIC OFFICERS—STATUTES.

Fees of public officers are strictly regulated by statute, and are not open to equitable considerations by courts nor to discretionary action of officers.

6. STATUTES—CONSTITUTIONAL LAW—TITLE OF ACT.

Statute providing for payment of salary to county officers is not unconstitutional as embracing more than one subject, nor because its objects are not fully set forth in title (1 Comp. Laws 1929, § 1346).

7. COUNTIES—STATUTES—REPEAL—FEES OF PUBLIC OFFICERS.

Failure of statute providing for payment of salary to county officers and payment of all fees to county to repeal former acts providing for retention of fees by officers does not render said statute inoperative, since there are certain counties expressly excluded from its operation as well as others not taking advantage thereof (1 Comp. Laws 1929, § 1346).

8. MANDAMUS—COUNTIES—PAYMENT OF FEES.

Mandamus will issue requiring county treasurer to pay to county all fees collected and retained by him subsequent to adoption of resolution by board of supervisors placing him on straight salary basis (1 Comp. Laws 1929, § 1346).

Certiorari to Jackson; Hatch (Blaine W.), J., presiding. Submitted June 14, 1932. (Calendar No. 35,342.) Decided September 16, 1932.

Mandamus by board of supervisors of Jackson county to compel James B. Dicker, Jackson county treasurer, to pay over fees alleged to have been unlawfully withheld. From judgment rendered, both parties bring certiorari. Writ granted.

*H. D. Boardman,* Prosecuting Attorney, for plaintiff.

*Whiting, Kleinstiver & Aubrey,* for defendant. ·

BUTZEL, J.  The purpose of Act No. 237, Pub. Acts 1919, as amended by Act No. 193, Pub. Acts 1921 (1 Comp. Laws 1929, § 1346), as clearly set forth in its title, is to authorize the "payment of salaries" for county officers "in lieu of fees." It empowers the board of supervisors of each county to establish and pay salaries to certain officers, including the treasurer, and provides that such compensation "shall be compensation in full for all services performed by such" officers; that such officers shall collect and make itemized statements of all fees collected by them and pay them over to the treasurer for the benefit of the county. It makes the failure by county officers to comply with the provisions of the law a misdemeanor, punishable by fine or imprisonment, or both. The act expressly does not apply to counties with a population of over 125,000, nor to those operating under any local or special act. Jackson county does not come within these exceptions.

Previous to 1923, the treasurer of Jackson county received a salary of $1,600 per year and also retained certain fees to which he was entitled under the existing laws. From the amount received by him he, however, was obliged to pay his deputy, clerk, and other expenses. Plaintiff, the board of supervisors of Jackson county, met in 1922. Its salary committee, as shown by the official record, reported that it had carefully considered the question of compensation of county officers and had visited neighboring counties, where officers received a straight salary, and recommended similar action by Jackson county. It urged that all fees of every kind and nature that its officers then received for services of any kind as officers of the county be turned over

to the county treasurer, and that no fees be retained by such officers. The plaintiff, on October 20, 1922, following the recommendations of the report, adopted a resolution placing the treasurer and other officers of the county on a straight salary basis. It required that they collect and turn over to the county treasurer all legal fees collected by them, and appertaining to their offices, and that these amounts be placed in the general fund of the county. The salary of the county treasurer was raised to $3,200 per year, the salaries of his deputy and clerk and other county officers were also fixed to be paid by the county. For nine years previous to 1923 defendant, James B. Dicker, had been continuously treasurer or deputy treasurer of the county. With full knowledge of the action of plaintiff, he accepted the position of county treasurer in 1923, and has continued to hold that position. During the period from 1923 to 1929, defendant has received his salary and in addition thereto has collected and retained fees in the aggregate sum of $7,260.40, representing fees for certification of taxes on deeds, tax histories, and for reporting unlicensed dogs. Plaintiff has brought mandamus proceedings to compel the payment of the amount of these fees, claiming they are unlawfully withheld by defendant. The circuit judge held that, inasmuch as defendant's accounts had been audited for the years 1923 to 1927, plaintiff was precluded from recovering the fees for those years, but that he had no right to the fees amounting to $4,483.46 retained by him for the years 1927, 1928, and 1929. Both parties have brought certiorari, plaintiff claiming the fees for all the years, and defendant contending the court was in error in holding him liable at all. There is no dispute as to the amounts, nor is defendant charged with fraud or deception. In as-

serting a lawful right to retain the fees, he claims that in 1923, when the question arose, he was advised by counsel that he had the right to retain the fees; that his reports from year to year, showing the receipt and retention of the fees, was duly received by defendant, that the fact that he was retaining the fees was taken into consideration in 1924 when an increase in salary was denied by the salary committee; that his accounts showing retention of fees for the years from 1923 to 1926, both inclusive, were audited by plaintiff's auditing committee, that his reports were received and audited by the auditor general's department, and that he was advised by someone in that department of his right to retain the fees. We do not believe that the audits, or any advice or direction from any members of plaintiff's board or of the auditor general's staff can annul a legislative mandate duly adopted by plaintiff. The law is clear and provides that the salary shall be full compensation and that the fees belong to the county.

In *Pray* v. *Ticknor,* 253 Mich. 460, Washtenaw county was operating under Act No. 480, Local Acts 1907, whose provision for salary and collection of fees is similar to the public acts of 1919 and 1921. The court said that:

"The power conferred upon the board of supervisors of Washtenaw county was limited to fixing a salary in lieu of fees, and that the board did not have the power, as plaintiff contends, to grant him a salary of $2,100 per year and the right to retain all fees collected in his office."

Settlements with the county are *prima facie* evidence of the state of accounts between treasurer and county, but are not conclusive, and may be impeached. *Montmorency County* v. *Putnam,* 122 Mich. 581. The act (1 Comp. Laws 1929, § 1353)

provides for penal action, with fine or imprisonment or both, in case any officer fails to comply with the provisions of the 1919 act, as amended by the 1921 act. It would be anomalous to say that the treasurer is liable to criminal punishment, and yet may retain the fees collected because of a settlement.

The fee for reporting unlicensed dogs is provided for in 1 Comp. Laws 1929, § 5261, and was enacted in 1925. It makes it incumbent upon the county treasurer to furnish a list of unlicensed dogs to the sheriff and to the prosecuting attorney for appropriate action. He must also send a copy of the list to the commissioner of agriculture, but this may be regarded simply as an incidental duty involving little, if any, extra work. Were the making of the list not primarily a duty for the benefit of the county, the case of *Groesbeck* v. *Auditor General;* 216 Mich. 243 (21 A. L. R. 249), relied upon by defendant, would be pertinent. The treasurer in a salary county is paid a fixed salary to compensate him for the duties of his office, and the addition of some new duty does not alter or increase his right to compensation any more than a decrease in duties would entitle the county to diminish the salary during his term of office. See *Backus* v. *Wayne County Treasurer,* 99 Mich. 218. The case of *Bay County* v. *Marvin,* 247 Mich. 529, is readily distinguishable from the one at bar, for the treasurer is performing a service for the county, and the sending of a copy of the report to the State department of agriculture entails but a negligible amount of work on his part. This differs greatly from the case of *Bay County* v. *Marvin, supra,* where the sheriff was not performing acts for the State by virtue of his capacity as a State employee, but was performing acts for the Federal government by virtue of a separate contract.

The amendment of 1921, 1 Comp. Laws 1929, § 1347, provides that these salaried officers shall collect and make itemized statements of "all fees required by law" for service of process and of "all other fees collected by them," and that all these fees shall be paid over to the treasurer clearly for the benefit of the county, as shown in 1 Comp. Laws 1929, § 1349. Fees of public officers are strictly regulated by statute, and are not open to equitable considerations by the courts nor to the discretionary action of officers. *United States* v. *Shields,* 153 U. S. 88 (14 Sup. Ct. 735); *United States* v. *Van Duzee,* 185 U. S. 278 (22 Sup. Ct. 648).

Defendant, in contending that Act No. 237, Pub. Acts 1919, as amended by Act No. 193, Pub. Acts 1921, is unconstitutional, claims that it embraces more than one subject; its objects are not fully set forth in the title; that it fails to repeal former acts providing for retention of fees by county officers. The act embraces but one subject in providing a fixed salary instead of the retention of fees as compensation to officers in certain counties, and excepting others from the provisions of the act. The title clearly states the purpose of the act. Former acts providing for retention of fees are purposely not repealed so that they may still apply to counties expressly excluded from the provisions of the act, as amended, as well as those in which the board of supervisors have not taken advantage of the act. Under article 8, § 9, of the Constitution of the State, plaintiff had the exclusive power to fix the compensation of county officers not otherwise provided for by law. Section 8 of the same article confers upon the plaintiff such powers of a local legislative and administrative character, not inconsistent with the provisions of the Constitution, as it may deem proper. The case of *Vetter* v. *Fowler,* 167 Mich. 499,

on which defendant relies, would be pertinent and controlling in the present case were it not for the subsequent enactment of Act No. 237, Pub. Acts 1919, as amended by Act No. 193, Pub. Acts 1921, which gives plaintiff the power it theretofore lacked. Other questions not raised in the lower court will not be considered. Defendant is required to turn over to plaintiff the entire sum claimed, and the case is remanded to the lower court, where mandamus will issue as prayed for by plaintiff, who will also recover costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.