### CITY OF LIVONIA *v.* CLARK

OFFICERS—COMPENSATION—RETENTION OF STATUTORY FEES.
    City clerks who were compensated on a salary basis were entitled
        to retain, in addition to their salary, fees paid to them pursuant
        to statutes for registering and reporting births and deaths,
        where there was no statutory provision prohibiting such reten-
        tion and the agreement between the city and the clerk did
        not otherwise provide (City of Livonia Charter, ch 5, §§ 4,
        7[1], 8).

Appeal from Wayne, Gilmore (Horace W.), J.
Submitted Division 1 January 10, 1968, at Detroit.
(Docket No. 3,355.)    Decided December 31, 1968.
Leave to appeal denied March 13, 1969.    See 381
Mich 807.

Complaint by the city of Livonia, a Michigan mu-
nicipal corporation, against Marie W. Clark, former
city clerk, and Globe Indemnity Co., a New York
corporation, for fees collected for registering and
reporting births and deaths.    Summary judgment
for defendants.    Plaintiff appeals.    Affirmed.

*Steve Polgar,* City Attorney, and *Harry C. Ta-
tigian,* Chief Assistant City Attorney, for plaintiff.

*Nussbaum, Stacey & Munger (James H. Crum,* of
counsel), for defendant Marie W. Clark.

REFERENCE FOR POINTS IN HEADNOTE
43 Am Jur, Public Officers §§ 340–342, 344, 356, 359, 360.

PER CURIAM.  This is an appeal from a judgment dismissing the plaintiff city's complaint against its former city clerk.  The amount claimed, approximately $2,500, consists of fees in the amount of 25¢ each collected by the defendant while city clerk pursuant to State law for registering and reporting births and deaths.[1]

While going out of vogue, the compensation of public officials on a fee system is still the means of compensation provided by some statutes.  43 Am Jur, Public Officers, § 359, p 148.  The question whether a governmental official paid a salary is entitled to keep, in addition to his salary, fees paid pursuant to such statutes presents a question of interpretation of the contract between the official and the employing governmental authority.

As a general proposition, the mere fact that the governmental official is compensated on a salary basis does not mean that such compensation is in lieu of fees or that such fees as he may receive must be remitted by him to the employing authority.  43 Am Jur, Public Officers, § 360, p 149.  In the cases where the fixed compensation has been held to be exclusive and the official obligated to account to the employing authority for fees collected, a statute, charter or ordinance has contained provisions to the effect that the fixed compensation is in lieu of fees, that all fees collected by the official belong to the employing authority.[2]

---

[1] CLS 1961, § 326.4 (Stat Ann 1956 Rev § 14.224); CL 1948, § 326.18 (Stat Ann 1956 Rev § 14.238).

[2] See *City and County of San Francisco* v. *Mulcrevy* (1910), 15 Cal App 11 (113 P 339), *affirmed Mulcrevy* v. *City and County of San Francisco* (1914), 231 US 669, 673 (34 S Ct 260, 58 L Ed 425); *Board of Supervisors of Jackson County* v. *Dicker* (1932), 260 Mich 78, construing PA 1919, No 237 (MCLA, § 45.401 *et seq.* [Stat Ann 1961 Rev § 5.911]), and *Pray* v. *Ticknor* (1931), 253 Mich 460, construing Local Acts 1907, No 480, both of which acts provided that the salary would be "in full for all services" and either, as in *Board of Supervisors of Jackson County* v. *Dicker, supra,* that fees collected

In our opinion the trial judge correctly held that the charter of the city of Livonia does not contain a provision prohibiting the city clerk from retaining

shall be paid to the treasurer or, as in *Pray* v. *Ticknor, supra,* that the compensation was in "lieu of all fees." Similarly, see *In re Estate of Kaindl* (1953), 1 Ill 2d 21 (115 NE2d 333); *In re Bernardi* (1909), 133 App Div 510 (117 NY Supp 727); 43 Am Jur, Public Officers, § 356, p 147.

See, also, OAG 1933–34, p 383; OAG 1933–34, p 399; 1 OAG 1957, No 3059, p 369. In 1 OAG 1957, No 3059, p 369, Attorney General Kavanagh quoted the following language from the Lincoln Park city charter:

"The above compensation shall be in full of all services performed by any officer. Any fees and other money paid to any officer, either elective or appointive, shall be the property of the city, and shall be paid into the city treasury by the officer receiving the same."

The attorney general ruled:

"Two prior opinions of the Attorney General have considered the matter raised by your query. In the first, it was ruled that in the absence of an express charter provision that the salary of a city officer shall be in full compensation and in lieu of fees, the city clerk may retain statutory fees received by him for services in connection with birth and death certificates. The subsequent opinion concluded that city clerks are not entitled to retain fees as local registrars of vital statistics under the statute in cases where the charter provides that all fees collected by them shall be remitted to the city treasurer, and where a further charter provision sets forth that his salary shall be in full compensation for all services performed.

"In view thereof, it is concluded that in the case of the City Clerk of the City of Lincoln Park, that the statutory fees received by such officer as the local registrar are the property of the city by reason of the force and effect of the Charter quoted supra."

In the first of the 2 prior opinions referred to by Attorney General Kavanagh, OAG 1933–34, p 383, the city's charter required that "all money received by any officer or employee of the city for or in connection with the business of the city shall be paid promptly to the city treasurer." Attorney General O'Brien ruled that statutory fees paid for recording chattel mortgages, births and deaths "have nothing whatever to do with his duties as city clerk. They are not money received by the clerk in connection with the business of the city. They are fees received by the clerk for the performance of duties prescribed by statute independent of any duty as city clerk."

In the second of the 2 prior opinions referred to by Attorney General Kavanagh, OAG 1933–34, p 399, the city's charter provided:

"Unless otherwise specifically provided in this Charter or in the ordinance or resolution fixing the salary or compensation of any officer or employee, no officer or employee shall be entitled to retain for his own use and benefit any fee or money payable to him by virtue of his office or position, but shall collect all such fees and moneys for the use and benefit of the City and shall pay the same into the City Treasury to be credited to the proper funds."

fees paid for registering births and deaths pursuant to the State law. The charter language principally relied upon by the city reads as follows:

"The compensation of the Mayor shall be $8,400 per annum, and that of the City Treasurer $6,600 per annum, and that of the City Clerk shall be $7,200 per annum. Except as otherwise provided by Law or this Charter, the salary and compensation of every other administrative officer shall be fixed by the Council. Such salaries shall be payable monthly, and, except as otherwise provided in this Charter, shall constitute the only salary or remuneration which may be paid for services." City of Livonia Charter, ch 5, § 4.

The last sentence of just quoted § 4 of the charter applies only to "such salaries" as shall be fixed by the city council and, thus, does not apply to officers, such as the defendant, whose compensation is established in the charter itself.

The charter provision, ch 5, § 7(1), requiring the city clerk to perform duties required of him by State or Federal law adds nothing to the State law requirement obligating the city clerk to register and record births and deaths.

The city's reliance on § 8 of chapter 5, detailing the powers and duties of the treasurer, is also misplaced. Subdivision (b) of that section says only that the treasurer shall collect "all monies belonging to and receivable by the city" and "all other charges belonging to and payable to the city," which, as far as this case is concerned, merely restates the question, i.e., do the 25¢ fees belong to the city or to the city clerk?

The city unsucessfully sought a summary judgment in its favor following which the defendant moved for summary judgment in her favor. Thereafter, the city sought to inject a factual question

not previously suggested. It was the city's claim that the services for which the defendant was compensated at the rate of 25¢ per birth or death recorded were actually performed by other city employees at city expense and that this was a factor to be considered in reaching a decision. However, that factual issue was not raised by affidavits complying with the requirements of GCR 1963, 116.4, 117.3.

Affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and LEVIN and BEER, JJ., concurred.