NIEMI v FORD MOTOR COMPANY

Docket No. 66029. Submitted May 20, 1983, at Houghton.—Decided August 2, 1983.

Marvin L. Niemi brought a products liability action against Ford Motor Company in Marquette Circuit Court. The jury found in favor of plaintiff, assessed damages in the amount of $100,000, and found plaintiff to be 30% negligent. The trial judge, John E. McDonald, J., read to the jury the special questions which had been submitted to the jury and the jury's answers to those questions and asked the jury whether those were the answers of at least five of the six jurors. The jury, in unison, replied that they were. On polling the individual members of the jury whether the verdict was theirs, juror number 1 stated: "We compromised; but yes". Defendant objected to the verdict. Upon requestioning, juror number 1 indicated that the answers to the special questions as read to the jury were her answers. Juror number 2 indicated that the answers were hers except for the amount of damages and that she had compromised as to percentages and money amount. The remaining four jurors all stated that the verdict as read was theirs. Defendant moved for a new trial or for a judgment notwithstanding the verdict. Both motions were denied. Defendant appeals. *Held:*

Since five of the six jurors unequivocally indicated that the verdict as read was theirs, the verdict was valid and cannot be said to be a prohibited compromise verdict.

Affirmed.

1. JURY — VERDICT — COURT RULES.

A verdict shall be received when five jurors of a six-juror panel in a civil case agree (GCR 1963, 512.1).

2. JURY — VERDICT — COMPROMISE VERDICT.

Jury verdicts arrived at through compromise and surrender of honest conscientious convictions are invalid; compromise verdicts are those which are reached by some of the jurors surren-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 76 Am Jur 2d, Trial § 1112.
[2, 3] 76 Am Jur 2d, Trial § 1139.

dering their conscientious convictions in return for relinquishment by other members of the jury of a like settled opinion on another issue such that the result does not command the approval of the whole panel.

3. JURY — VERDICT — COMPROMISE VERDICT.

A verdict in a civil case before a six-juror panel which, upon a polling of the jury, is assented to by five of the six jurors is a valid verdict despite any characterization of that verdict as being a compromise.

*Wisti & Jaaskelainen, P.C.* (by *Charles R. Goodman),* for plaintiff.

*Platt, Peacock, Vinocur & Brewster, P.C.* (by *John D. Peacock),* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and WAHLS, JJ.

PER CURIAM. A jury rendered a verdict on plaintiff's tort claim in the amount of $70,000 in favor of plaintiff. Defendant's motions for a new trial and for judgment notwithstanding the verdict were denied by the trial court. Defendant appeals as of right.

Defendant's appeal centers around the polling of the jury. The jury found defendant liable under plaintiff's products liability claim, assessed plaintiff's damages in the amount of $100,000, and found that plaintiff's negligence was responsible for 30% of his damages. On the basis of this verdict, the trial court announced that it would enter a verdict in the amount of $70,000 against defendant.

After receiving the list of questions which the court had submitted to the jury, with the jury's written answers contained therein, the trial court read the questions and answers aloud and then asked whether the answers were those of at least

five out of six of the jurors. After the jury, in unison, responded that they were, the court polled the jury.

Juror number 1, when asked whether the verdict was hers, initially stated: "We compromised; but yes." After defendant objected to the verdict, the trial court again questioned juror number 1 as to whether the answers to the questions submitted by the court, as read to the jury, were her answers. Juror number 1 responded that they were her answers.

In response to the trial court's polling, juror number 2 stated that the verdict as read was hers except for the amount of damages. Later, when the court was attempting to ask juror number 1 whether the verdict as read was hers, juror number 2 interrupted a number of times to state that she (juror number 2) had compromised on the percentages and the money amount.

The remaining four members of the jury all stated that the verdict as read was theirs. After requestioning juror number 1, the trial court found the verdict to be that of five out of six of the jurors.

Defendant contends the verdict rendered by the jury was an invalid compromise verdict. We disagree.

GCR 1963, 512.1 states that in civil cases tried by six jurors, a verdict shall be received when five jurors agree. Verdicts arrived at through compromise and surrender of honest conscientious convictions are invalid. 76 Am Jur 2d, Trial, § 1133, p 107.

A compromise verdict is defined in 76 Am Jur 2d, Trial, § 1139, p 111 as follows:

"A verdict which is reached only through the surren-

der of conscientious convictions as to a material issue by some members of the jury in return for a relinquishment by other members of their like settled opinion on another issue, the result not commanding the approval of the whole panel, is a compromise verdict."

Instead of relying on this or any similar legal definition of a compromise verdict, defendant relies on the use of the word "compromise" both by juror number 1 and juror number 2 to justify its contention that the verdict in this case was a compromise verdict. Defendant ignores the fact that when the trial court asked juror number 1 a second time whether the answers contained in the jury's verdict were hers she responded that they were.

In *Buckner Loan Co v Bicher,* 221 Mich 198, 200; 190 NW 670 (1922), the Michigan Supreme Court stated:

"It is a recognized duty of courts either upon their own motion or upon motion of the prejudiced party to set aside verdicts which do not represent the judgment of the jury but which are clearly compromise verdicts; but it is equally well recognized that to justify such action the record must make it clear that the jury reached the result by 'splitting differences.'"

Pursuant to the law as described above, defendant's contention that the verdict reached by the jury in the case at bar was an invalid compromise verdict must fail. Defendant does not allege nor does the record indicate that any of the jurors surrendered conscientious convictions held by them as to a material issue. Nor does defendant contend or the record indicate that the verdict reached by the jury in the case at bar was inconsistent with its charge or with the evidence found in the record. Again, defendant relies solely on the

fact that two of the jurors, while being polled by the trial court, used the word "compromise" in their responses. The use of that term by juror number 2 is not relevant as juror number 2 openly stated that she disagreed with the amount of damages contained in the verdict and, therefore, the trial court disregarded her vote and accepted the verdict as that of five out of six of the jurors. We do not believe that the statement by one juror out of the required five that a verdict was based on compromise constitutes the type of showing of a surrendering of conscientious convictions as was contemplated by the Court in *Buckner, supra.*

In *Ostrander v City of Lansing,* 111 Mich 693, 697; 70 NW 332 (1897), the Court addressed an appeal wherein the jury foreman, after the jury had been out all night, informed the trial court that the jurors could not arrive at a verdict, and so, instead, compromised on one. The Michigan Supreme Court ordered that a new trial be held, stating that: "[I]t never ought to be permitted that any member of the panel should shift his responsibility by placing it upon the ground that it is a compromise * * *." *Ostrander, supra,* pp 697-698. In the case at bar, juror number 1, upon whose use of the term "compromise" defendant relies, stated that the answers contained in the juror's response to questions submitted by the court were hers when requestioned by the court. In doing so, she accepted the responsibility for the verdict and did not shift it onto others.

In 76 Am Jur 2d, Trial, § 1127, p 103, the author states:

"Where a juror's equivocal, ambiguous, inconsistent, or evasive answers leave doubt as to whether he has assented to the verdict, but his answers are not such as to indicate involuntariness or coercion, it is generally

held that a subsequent answer which indicates clear and unequivocal assent, either on further interrogation or after further deliberation, will cure the defect."

Thus, it appears clear that when, upon being requestioned by the trial court, juror number 1 unequivocally assented to the verdict as read, any possible defect in the jury's verdict was cured. At that point, five of the six jurors had indicated, individually, that the verdict as read by the court was theirs.

For the reasons stated herein, we find the verdict of the jury to be valid.

Affirmed.